Fred L. Kellams et al., Plaintiffs v. Public School Employes' Retirement Board, Defendant.

Argued September 12, 1978, before President Judge Bowman and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE and MacPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*John Melvin Jones,* for plaintiffs.

*Raymond Kleiman,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE WILKINSON, JR., October 12, 1978:

This matter is before us on cross motions for Declaratory Judgment. As we see it there are three questions to be answered.

1. Does the Public School Employes' Retirement Code of 1959 (Code), Act of June 1, 1959, P.L. 350, *as amended,* 24 P.S. §3101 et seq., authorize the calculation and payment of benefits based on the salary earned out-of-state in that component of the benefit formula known as "final average salary"?

2. If the Code does not so authorize, if retirees, before retirement, were misinformed by the Retirement Board that out-of-state salaries would be a component of the formula, and in fact were a part of the

formula when the plaintiffs retired and until 1973, may the Retirement Board recompute the formula, eliminating the out-of-state salaries and reduce plaintiffs' ongoing retirement benefits?

3. If 1 is answered in the negative and 2 is answered in the affirmative, may the Retirement Board demand reimbursement from plaintiffs for the sums received by them in excess of the properly computed amounts? The stipulation indicates this sum could vary from a low of $26.34 to a high of $24,037.06 and an average of $2,277.45. The average age of the retirees in question at the time of retirement was 63.

The answer to the first question is relatively clear —the out-of-state salary may not figure in the computation of the "final average salary." Section 207(1) of the Code, 24 P.S. §3207(1), clearly provides for credit for years of service in states, territories or areas under the jurisdiction of the United States other than this Commonwealth. Section 102(23), 24 P.S. §3102 (23), is equally clear, when read with the other subsections, that final average salary is to be computed only on compensation received as an employee of a public school within this Commonwealth. Counsel for the Retirement Board candidly stated at oral argument that he was at a loss to account for the error in interpretation but that there was no reason to suppose that plaintiffs participated in making the decision. Indeed, there can be no doubt that they were misled by it and, in reliance thereon, in many if not all cases, have been placed in a more precarious financial position than they would have been if they had not relied on the incorrect information.

Having thus answered the first question, we move on to the second as to whether the Retirement Board was correct in recomputing plaintiffs' benefits in the proper manner. Under the decisional law in this Commonwealth this question must be answered in the af-

firmative. Plaintiffs' argument that the Commonwealth is estopped from correcting its mistake simply is not the law in Pennsylvania. *Commonwealth v. Western Maryland Railway Co.*, 377 Pa. 312, 105 A.2d 336, *cert. denied*, 348 U.S. 857 (1954); *Etters v. State Employees Retirement Board*, 34 D. & C. 2d 757 (1964).

The third question of whether the Retirement Board may demand the repayment of the money it incorrectly paid plaintiffs in the form of excess monthly retirement benefits falls in a different category. There is very little precedent on this issue since fortunately it seldom arises. The question of estoppel is not resolved for here the issue is not the correctness of the Commonwealth claim, it is whether it would be unconscionable to permit the Commonwealth to demand restitution in this unusual situation. Perhaps the things that make the plaintiffs' position so unique are that all the facts were well known to everyone, as far as the record shows the original incorrect ruling was made unilaterally by the Commonwealth after a request and full disclosure by the plaintiffs, and the Commonwealth persisted in its error over a number of years while the plaintiffs used the funds presumably for the purposes for which retirement payments are intended, *i.e.*, to pay for living expenses after the income from gainful employment has ended.

The principal case on which we rely as precedent for this unusual situation is *Commonwealth ex rel. Margiotti v. Union Traction Co.*, 327 Pa. 497, 194 A. 661 (1937). In that case, the Commonwealth brought quo warranto proceedings against the defendants to set aside a 999 year lease, some 35 years after its execution, based on its original illegal nature. The court held that over the 35 year period, the interest of innocent investors having intervened, the Commonwealth was barred from its action.

Accordingly, we will enter the following

ORDER

AND Now, October 12, 1978, the action of the Public School Employes' Retirement Board in recalculating the retirement benefits for plaintiffs and other persons similarly situated is approved, but its proposed action to recover the amount previously erroneously paid is disapproved. The plaintiffs shall continue to receive the recalculation retirement benefits they are presently receiving, but shall not be required to refund any overpayments heretofore received as a result of the improperly computed benefits based on high salary received outside the Commonwealth.