Walter W. Callahan, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

610

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Gary M. Lightman,* with him *Mancke & Lightman,* for petitioner.

*John L. Heaton,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 10, 1979:

By letter dated January 5, 1978, petitioner, then a member of the Pennsylvania State Police on full disability leave under the provisions of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637 (commonly known as the Heart and Lung Act), was

notified that effective February 22, 1978 his status would be changed from temporary to total disability. He was given instructions on the steps to take to qualify for disability retirement benefits. Petitioner retained legal counsel who, on January 10, 1978, wrote respondent asking for some detailed information concerning petitioner's situation. In this letter legal counsel stated:

> It is my hope that you will be able to do so [answer questions] as soon as possible in order to preserve any rights which Trooper Callahan may have to appeal the determination under the Heart and Lung Act.

After some further correspondence, respondent wrote petitioner's then legal counsel on January 24, 1978 answering questions raised by legal counsel's letter of January 10, 1978. In that letter appeared the following statement:

> I wish to again direct your attention to our letter of January 5, 1978, stating that effective February 22, 1978 Trooper Callahan's status will be changed from temporary to total disability.

On February 22, 1978 petitioner's benefits under the Heart and Lung Act were terminated.

After a change of legal counsel, petitioner filed a petition for review in this Court on March 3, 1978. In this petition for review he alleges that the date of the adjudication of the action from which the appeal is taken to be February 22, 1978.

Respondents originally filed preliminary objections on the ground that this Court did not have appellate jurisdiction for lack of an adjudication and, therefore, there could only be original jurisdiction. An order was entered directing that the matter "be regarded and acted upon as a Petition for Review addressed to this Court's original jurisdiction."

Evidently on review of its position, respondent concluded that the letter of January 5, 1978 was an adjudication and that the petition for review filed March 3, 1978 was out of time, being more than 30 days after the adjudication. A motion to quash was filed and is before us for decision.

Whether the matter be considered as before us in our original jurisdiction or on appeal, the result would be the same. If the letter of January 5, 1978 is an adjudication, and we hold that it is, then an appeal would be required within 30 days. *See* Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211. 502(a).[1] Since the appeal was filed beyond the 30 days, *i.e.*, on March 3, 1978, we must enter an order quashing it as untimely. However, if the other route was taken, petitioner would be barred in an action brought in our original jurisdiction by the unappealed from adjudication of January 5, 1978 for the reason that petitioner had an adequate remedy at law which he did not exercise.

There can be little doubt that there has been an adjudication requiring an appeal under Section 41 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended, formerly* 71 P.S. §1710.41.[2] Without belaboring the point, suffice it to say that whether a letter of an agency constitutes an adjudication within the definition of Section 2 of the Administrative Agency Law, 71 P.S. §1710.2, depends on whether the letter announces a final determination, *inter alia*, of a person's personal or property rights. The January 5, 1978 letter, stating that a decision had been made to terminate petitioner's temporary disability status as

---

[1] Now controlled by the Judicial Code (Code), 42 Pa. C.S. §5571.

[2] Repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002[1244] (now controlled by Section 5 of the Administrative Agency Law, 2 Pa. C.S. §702).

of February 22, 1978, clearly meets the requirements. If the adjudication was reached in an improper manner, the proper and only procedure to contest it was to file a timely appeal. Petitioner's then legal counsel knew this as indicated by the quotation above from his January 10, 1978 letter. The adjudication cannot be challenged now by either an untimely appeal or a collateral attack in our original jurisdiction.

Accordingly, we will enter the following

ORDER

AND Now, January 10, 1979, the petition for review filed by Walter Callahan on March 3, 1978, is hereby quashed.