Robert Andrukaitis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*P. Richard Wagner,* with him *Mancke & Lightman,* for petitioner.

*Timothy I. Mark,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE DiSALLE, September 24, 1979:

We have before us preliminary objections of the Pennsylvania State Police (Respondent) to the Petition for Review of Robert Andrukaitis (Petitioner), who seeks to be rehired as a State Trooper.[1]

Petitioner enlisted with Respondent on December 22, 1966. He resigned voluntarily on May 7, 1969, and in so doing, signed a document indicating that he never expected to be reinstated. On April 26, 1971, and at least three times thereafter, Petitioner asked to be rehired. Each time, Respondent refused his request, by letter, explaining that its policy, known to Petitioner at the time of his resignation, prohibits the rehiring of anyone who voluntarily resigns. The last letter of refusal was dated May 19, 1978. On June 15, 1978, Petitioner filed a petition for review in this Court, contesting Respondent's actions.

Petitioner, citing *Callahan v. Pennsylvania State Police,* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979), argues that the letters from respondent constituted adjudications within the meaning of Section 5 of the Local Agency Law, 2 Pa. C.S. §504, and that since he did not receive a hearing as reequired by that section, he must be reinstated. We held in *Callahan* that a letter from an administrative agency consti-

---

[1] Since petitioner averred jurisdiction under Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.403, repealed by the Act of April 28, 1978, P.L. 202 (see new Section 763 of the Judicial Code, 42 Pa. C.S. §763), we will treat respondent's first preliminary objection as a motion to dismiss under that Section.

tutes an adjudication only when it "announces a final determination, inter alia, of a person's personal or property rights." *Id.* at 612, 396 A.2d at 83.

We need not decide whether such a determination occurred here, however, because even if the letters were adjudications, Petitioner, by not filing within 30 days of receipt of the first letter, has failed to make timely appeal, as required by Section 2 of the Judicial Code, 42 Pa. C.S. §5571. He argues that since the last letter indicated that his latest request for reinstatement had been "reevaluated" by Respondent, it was a separate and independent adjudication and his appeal within 30 days of that letter was timely. We disagree. To be an adjudication under *Callahan, supra,* a letter must be a "final determination." It seems clear to us that at most only the first letter, dated May 4, 1971, constituted such a determination. The three subsequent letters merely reiterated Respondent's position. Although the last letter talks about a reevaluation, it says nothing that the other letters do not say, and we cannot agree that it finally determines Petitioner's rights. We are quite unwilling to hold that Respondent, by favoring Petitioner with written replies to his repeated requests for reinstatement, when it could easily have ignored those requests, has somehow caused Petitioner's rights to be so greatly enlarged as to allow him to appeal to this Court almost ten years after his voluntary resignation.

We will sustain Respondent's preliminary objections.

### Order

And Now, this 24th day of September, 1979, the preliminary objections of the Pennsylvania State Police to the Petition for Review of Robert Andrukaitis, are hereby sustained, and the petition is dismissed.