100

Harry Neff, Petitioner *v.* Trustees of the Public School Employees' Retirement Board of Pennsylvania et al., Respondents.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joel D. Beaver,* with him *Daniel Sherman,* for petitioner.

*Thomas J. Mangan, Jr.,* Assistant Attorney General, with him *Raymond Kleiman* and *Norman Watkins,* Deputy Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

Opinion by Judge Craig, July 17, 1980:

Before us are preliminary objections of the Trustees of the Public School Employees' Retirement Board of Pennsylvania (board) to a petition for review in the nature of a complaint in equity of Harry Neff (petitioner), who seeks retirement benefits based upon 40.8 years of active employment.

Petitioner in his complaint alleges that he was employed by the Philadelphia School District (school district) from 1934 until his retirement at the end of June, 1977. During each of the later years of his employment, petitioner received from the Public School Retirement System of Pennsylvania written notice of the contributions made to his account and the number of years service credited to his account.

Allegedly relying upon such an annual written notice which showed that he had a cumulative credit of 39.8 years of service as of June 30, 1976, the petitioner worked an additional year, to June 30, 1977, at which time he retired believing that he had 40.8 years of credited service with the school district.

However, the petitioner began receiving retirement payments based upon 37.9 years of actual service. Petitioner does not aver receipt of any written notice from the board explaining the discrepancy between the amount of the payments he received and the amount of time he worked.

The board in its preliminary objections first contends that this court lacks jurisdiction to hear petitioner's complaint. The board argues that the issuance of retirement checks to the petitioner based upon 37.9 years of service constituted an adjudication as defined by Section 101 of the Administrative Agency Law, 2 Pa. C.S. §101, so that petitioner's complaint in equity, filed more than ten months after petitioner received his first check, is allegedly an appeal outside of the thirty-day limitation expressed in the Judicial Code, 42

Pa. C.S. §5571; i.e., that the time for appeal having passed, we can entertain no proceeding by petitioner.

Therefore, the first issue is whether the payments to the petitioner, as averred in the complaint, constituted an adjudication. There is no averment of any other communication by the board to petitioner.

To determine whether an adjudication was rendered in the present case, we believe that 2 Pa. C.S. §101 must be read in conjunction with 2 Pa. C.S. §507. 2 Pa. C.S. §101 defines adjudication as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights ... of any or all of the parties to the proceeding in which the adjudication is made....

However, 2 Pa. C.S. §507 states the following:

> All adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail.

We do not believe that the board, by merely making payments to the petitioner, made an adjudication as contemplated by 2 Pa. C.S. §507. Payment is ambiguous with respect to articulating a determination of rights. A lesser amount could stem from an accounting or computer error, with no necessary relationship to determination of length of eligible service.

The board cites *Callahan v. Pennsylvania State Police*, 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979) to support the proposition that an adjudication was made here. However, in *Callahan* we held that a letter from an agency constitutes an adjudication if it announces a final determination of a person's personal or property rights. We cannot give a money payment the same status as a letter because the payments here

apparently (according to the averments) announced nothing except a monetary amount.

Therefore, because there was no adjudication by the board, no appeal limitation began to run. Because the board has not raised any question based upon failure to exhaust an administrative remedy (and, referring only to the appeal right in 2 Pa. C.S. §702, has not pointed to any remedy to be pursued with the agency), we must proceed to consider the action addressed to our original jurisdiction.

The board's second preliminary objection is in the nature of a demurrer. As a basis for this court to sustain its demurrer, the board cites *Kellams v. Public School Employes' Retirement Board,* 38 Pa. Commonwealth Ct. 101, 391 A.2d 1139, *aff'd.,* 486 Pa. 95, 403 A.2d 1315 (1979) for the proposition that the board is not estopped from correcting a mistake made by it in the computation of benefits. But we do not reach that point because the petitioner's complaint does not allege that the board's earlier recognition of 40.8 years of service credit (favorable to petitioner) was a mistake which the board is now correcting. We read the complaint as pleading, essentially in the alternative, that petitioner either is entitled to 40.8 years of credit directly as a matter of fact and law, or, if not, petitioner's change of position in reliance on the board's notices has given petitioner an equitable entitlement. To the extent that the latter basis is an estoppel claim, petitioner would distinguish *Kellams* on the ground that no substantial reliance was indicated as being involved there.

In any event, accepting the averments of the complaint as true, as we of course must, we do not find that it contains the seeds of its own destruction and must therefore reject the board's demurrer.

The board's motion for a more specific pleading is also dismissed because it calls for the pleading of (1)

evidence in the form of "documentation", and (2) the "determination", i.e., adjudication, which petitioner claims to be non-existent.

The preliminary objections are dismissed.

ORDER

AND Now, this 17th day of July, 1980, the preliminary objections of Respondents to the complaint in equity of Harry Neff, are hereby dismissed, and Respondents shall file their answer within twenty (20) days from the date hereof.