Three-O-One Market, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Barry J. Peffley*, with him, *Michael Jon Daley*, for petitioner.

*Mary H. Reilly*, Assistant Counsel, with her, *James S. Marshall*, Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 25, 1982:

Three-O-One Market, Inc. (plaintiff) commenced an action before the Board of Claims (Board) seeking to recover $8827, alleged to be due as a result of the Department of Public Welfare's (DPW) occupation of office space in the plaintiff's building. When the Board dismissed the plaintiff's claim, the instant appeal followed.

About January 12, 1971, the plaintiff and DPW entered into a written lease agreement for the rental

of office space in the plaintiff's building at 301 Market Street, Harrisburg. The space in question was on the fifth floor and eighth floor, and was described in the lease as being a total of 4,236 square feet; 3851 square feet on the eighth floor and 385 square feet on the fifth floor. The lease also recited a rental of $13,767 a year, or $1171 a month; but did not recite a rate for each square foot of occupied space.

DPW occupied space pursuant to the 1971 lease from February 1, 1971 through April 30, 1978. However, in the latter part of 1977, while the parties were negotiating the terms of a new lease, it was discovered that the space DPW occupied on the fifth floor actually measured to be 764 square feet, instead of the 385 feet recited in the 1971 lease. Several months after that discrepancy had come to light, the plaintiff demanded payment for the additional 379 feet, at the rate of $3.25 per square foot, for each month from February 1971 through April 1978; or, a total of $8-827.[1] The square-foot rate of $3.25 was derived by dividing the total annual rent by the footage recited in the lease.

In deciding against the plaintiff, the Board found that the space occupied by DPW, during the period in question, was the specific area actually designated by the plaintiff when the parties negotiated the 1971 lease. The Board also found that this space was the same space the Commonwealth government had occupied since 1964 under prior leases. Moreover, the Board found that no measurement of the actual footage involved had been made at the time of the 1971 lease, or at any time prior to that. Based on these findings, the Board concluded that the intent of the

---

[1] DPW has not raised the statute of limitations; therefore, that issue is waived. *See Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779 (1979).

parties under the 1971 leasing transaction was for DPW to occupy the space it did, without regard to certainty of the area's measured footage, in return for an annual rent of $13,767.

In the petition for review filed by the plaintiff in this Court, the plaintiff asserted its basis for appellate relief in the following terms: "The order of the Board of Claims is erroneous because the Findings of Fact, Conclusions of Law and Order of the Board were not supported by substantial evidence." Yet, in the plaintiff's appellate brief no question, argument, or word is advanced concerning the adequacy of the evidence to support the Board's findings of fact. Instead, the only point raised and argued in the plaintiff's brief is that the legal principles relative to tenancies-at-will and to unjust enrichment entitle the plaintiff to the amount claimed.

This Court has held that, even though an issue has been raised in an appellant's exceptions, we will not consider the issue if it is not set forth or suggested by the statement of questions in the appellant's brief. *Workmen's Compensation Appeal Board v. Allied Chemical Corp.*, 20 Pa. Commonwealth Ct. 562, 566, 342 A.2d 766, 768 (1975). As observed, the brief of the instant plaintiff-appellant does not, in either the statement of questions presented, summary of argument or argument, even mention the sufficiency of the evidence. Therefore, the plaintiff's challenge to the sufficiency of the evidence to support the Board's findings of fact, although preliminarily asserted in the petition for review, has been waived as an issue in this appeal. In short, the plaintiff has rendered itself bound by the Board's findings of fact.

Under our established scope of review, we must affirm the Board unless we determine that its order is not in accordance with the law or that there is not substantial evidence to support the findings of fact.

*Commonwealth v. E. J. Albrecht Co.*, 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981); *Department of Transportation v. Paoli Construction Co.*, 35 Pa. Commonwealth Ct. 390, 386 A.2d 173 (1978). As the plaintiff in the instant case has waived the evidentiary issue, the only remaining question for our review is whether the Board's order is in accordance with law.

This case abounds in theories as to the nature of plaintiff's action. It is clear, however, that the action could not validly be based on the lease as written, because the plaintiff was paid all the rent it was entitled to under the express terms of that instrument. The Board treated the action as one for reformation of a written contract. In the Board's view, the plaintiff's action sought to increase the footage and the rent stated in the lease, to correct a mistake of fact concerning the actual footage of the space occupied by DPW. In denying relief, one of the reasons advanced by the Board was its conclusion as to the actual intent of the parties when they entered into the 1971 lease.

According to the plaintiff's brief, the action below was based on the rent obligation of a tenant-at-will; and on principles relative to unjust enrichment. However, since the plaintiff's brief takes no issue with the Board's findings of fact, the remaining position of the plaintiff in this appeal must be that if we apply a theory of tenancy-at-will, or the principles relative to unjust enrichment, the plaintiff should prevail as a matter of law. Such being the posture of the plaintiff's appeal, we must affirm the Board's order.

Given the respective stances taken by the parties in this case, the 1971 lease, as written, does not reflect the intent of either party. According to the plaintiff, the rent recited was mistakenly understated because of a mistake as to the footage involved. The position of DPW, on the other hand, is that the lease misdescribes the space that parties intended to be demised

in return for the stated rent. With the case thus framed, the central ingredient is that at the time the parties executed the lease they were under a mutual mistake of fact: the assumption that the footage recited in the lease accurately described the space the parties had agreed upon.

To reform an instrument because of a mutual mistake of fact, it must be established that the parties had a precedent common intent that is not reflected by the instrument. *Miller v. Houseworth,* 387 Pa. 346, 127 A.2d 742 (1956). Also, the actual intent of the parties must be shown. *See Hassler v. Mummert,* 242 Pa. Superior Ct. 536, 364 A.2d 402 (1976). Moreover, the party seeking reformation must show that the actual intent of the parties supports his claim for relief. *See Bosler v. Sun Oil Co.,* 325 Pa. 411, 190 A. 718 (1937); *Coppes v. Keystone Paint & Filler Co.,* 36 Pa. Superior Ct. 38 (1908).

Therefore, given the Board's unchallenged finding that the space DPW occupied between 1971 and 1978 was the intended consideration for the $13,767 annual rent, there can be no relief for the plaintiff by way of reformation. This same finding by the Board also defeats an action premised on an assertion of unjust enrichment; because it cannot be said that DPW occupied space it did not pay for. So too, this same finding negates any contention that DPW was a tenant-at-will as to the space in question.

For the reasons set forth, we affirm the order of the Board of Claims.

ORDER

AND Now, the 25th day of January, 1982, the order of the Board of Claims at No. FC-20-78, the above matter, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.