Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Gramar Construction Company, Respondent.

Argued November 18, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Carleton O. Strouss,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for petitioner.

*Charles R. Volk,* with him *Martin J. Saunders, Thorp, Reed & Armstrong,* for respondent.

OPINION BY JUDGE MACPHAIL, January 31, 1983:

The Pennsylvania Department of Transportation (DOT) has appealed from an order of the Board of Claims (Board) directing DOT to pay the sum of $19,400.53 together with interest to Gramar Construction Co. (Gramar).

At issue here is the interpretation of a portion of a maintenance contract entered into between DOT and Gramar in 1977 for the cleaning of certain roadway slopes, slope benches, drop areas and shoulders at seven designated areas. Specifically, the dispute involves work performed along a 6,000 foot section of L.R. 1037 in Allegheny County, referred to in the contract as "Area No. 4". Gramar's complaint against DOT alleges that it was required to perform work beyond its contractual obligations for Area No. 4 and that it is entitled to compensation for that additional work. DOT contends that the work which Gramar performed was required by the terms of the contract and that no additional compensation is due. The parties have stipulated that compensation in the amount awarded by the Board is due Gramar if the disputed work was not required by the maintenance contract.

Following a hearing, the Board concluded that the contract was ambiguous with regard to the amount

of work required in Area No. 4 and that the ambiguity should be construed against DOT, who had drafted the agreement. The Board, accordingly, awarded damages to Gramar. DOT subsequently perfected its appeal to this Court.[1]

Our scope of review is limited in cases of this nature. We must affirm the Board unless we find that its order is not in accordance with law or that the findings of fact are not supported by substantial evidence. *Department of Transportation v. Paoli Construction Co.*, 35 Pa. Commonwealth Ct. 390, 386 A.2d 173 (1978).

The first issue raised by DOT is whether or not Gramar's acceptance of payment of the total contract price constituted a release of its present claim under the following contractual provision:

> [T]he acceptance of the final payment by the contractor shall be considered as a release in full of all claims against the Commonwealth of Pennsylvania *arising out of,* or by reason of, *the work done* and materials furnished *under this contract.* (Emphasis added.)

Of course, if Gramar's theory is correct that the disputed work was in addition to its contractual obligations, then Gramar's acceptance of the final payment would not constitute a "release in full" so as to bar its claim since the claim would not be one arising from the work done "under this contract".

The crucial issue in this case, therefore, is whether or not the maintenance contract is ambiguous with regard to the amount of work to be performed in Area No. 4. If an ambiguity does exist, the doubt must be resolved against the party who drafted the

---

[1] DOT's application for reconsideration, filed with the Board on July 2, 1981, was rejected by order dated August 7, 1981.

contract, in the instant case, DOT. *Pennsylvania Department of Transportation v. DePaul*, 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977). The question of whether an ambiguity exists is one of law. *State Highway and Bridge Authority v. E. J. Albrecht Co.*, 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981). A contract is ambiguous if it is reasonably susceptible of different constructions or its meaning is obscure due to indefiniteness of expression. *Id.*

The work to be performed in Area No. 4 is characterized in paragraph 2 of the contract as "the removal of sloughage[2] from the bench and drop area *as indicated on sketches contained herein.*" (Emphasis added.) A more detailed description of the work, contained in the special provisions segment of the contract, states that it "shall consist of cleaning the sloughage from the bench and drop area to within reasonably close conformity to the lines and grades *as established by previous construction and indicated on sketches contained herein* or as directed by the engineer". (Emphasis added.) The Board concluded, and we agree, that the lines and grades as established by previous construction are in conflict, as to a portion of Area No. 4, with the sketches contained in the contract.

The pertinent sketches indicate that the drop area to be cleaned is approximately 24 feet wide along the entire 6,000 foot length of Area No. 4. Previous construction, however, establishes a total width of 50 feet along a 1,000 foot section of Area No. 4. Gramar contends that this conflict renders the contract ambiguous and that it properly relied on the sketches in performing its work. DOT argues that any ap-

---

2 The term "sloughage" in this context refers to material which has fallen from an excavated slope.

parent conflict in the contract can be reconciled by an interpretation under which the sketches would be viewed as being generally illustrative of the work to be performed, with the prior construction lines controlling the area to be cleaned. In view of the detailed nature of the sketches provided in the contract (which in several instances involving other areas to be cleaned clearly indicate when the width of a work area will vary from that specified), we cannot view them as being general in nature. Moreover, the written terms of the contract in no way indicate that the prior construction lines are to control when they conflict with the sketches. The contract language, instead, places equal emphasis on the previous construction lines and the sketches, with no indication as to which should control where a conflict arises. We believe that the contract is ambiguous in this regard and that the ambiguity must be resolved against DOT.

We, accordingly, conclude that the disputed work performed by Gramar was in addition to its contractual obligations and that compensation, as ordered by the Board, is due. The law is clear that a contractor who performs work beyond the scope of its contract is entitled to additional compensation. *Paoli Construction Co.*

Because we have concluded as a matter of law that an ambiguity exists in the contract and that Gramar is entitled to additional compensation, we need not address the issues presented regarding DOT's final acceptance of the work performed in Area No. 4. Regardless of when Area No. 4 was finally accepted, the additional work performed by Gramar would remain outside the scope of its contractual obligations.

Order affirmed.

486

ORDER

The order of the Board of Claims, dated June 24, 1981, is hereby affirmed.