Glasgow, Inc., Petitioner v. Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued April 6, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Otis W. Erisman,* with him *Wilbur L. Kipnes, Schnader, Harrison, Segel* and *Lewis,* for petitioner.

*John J. Buchy, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, *Jay Waldman,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 9, 1983:

Glasgow, Inc., appeals a Board of Claims order which denied further recovery under a contract between Glasgow and the Department of Transportation (DOT). We affirm.

Glasgow and DOT entered into a written contract for highway and bridge construction work, specifically to construct a reinforced concrete or earth slab to repair a sinkhole area. The earth slab method of construction was chosen because it was less expensive than its concrete counterpart. The earth slab method, however, required additional excavation since this slab must be placed further below the earth's surface.[1]

---

[1] The contract plan estimated that excavation for the reinforced earth slab would require 256,667 cubic yards, while the reinforced concrete slab method would require only 238,493 cubic yards. Thus, 18,174 cubic yards of additional excavation were required.

The contract provided a unit price for excavation extending to where the bottom of the concrete slab would have been located had that method been used. DOT paid Glasgow the unit price for this limited excavation. The sole issue is whether the contract clearly and unambiguously required Glasgow to include in its lump sum bid for the earth slab additional excavation costs. The agreement indicated that the lump sum item (Item 2000-0020) included the additional excavation. It further provided that any "[a]dditional excavation for the reinforced earth slab shall be incidental to item 2000-0020."[2] "Incidential" is defined in the contract to preclude additional compensation for that item.

Glasgow argues that the additional excavation should be paid on a unit price basis. DOT contends that the additional work is part of the lump sum bid for the earth slab. DOT's interpretation prevailed before the Board of Claims.

Our scope of review is limited to whether the Board's order is in accordance with law and whether substantial evidence exists to support the Board's findings of fact.[3]

In *Department of Transportation v. Gramar Construction Co.,* 71 Pa. Commonwealth Ct. 481, 454 A.2d 1205 (1983), we stated that, if a maintenance contract is ambiguous as to the amount of work, the ambiguity will be resolved against the draftsman. Whether a contract is ambiguous is a question of law.[4] Ambiguity exists only if a contract is reasonably subject to

---

[2] This clause was found in the original contract.

[3] *Department of Transportation v. Paoli Construction Co.,* 35 Pa. Commonwealth Ct. 390, 386 A.2d 173 (1978).

[4] *State Highway and Bridge Authority v. E. J. Albrecht Co.,* 59 Pa. Commonwealth Ct. 246, 430 A.2d 328 (1981).

differing interpretations or its meaning is unclear due to indefiniteness.[5]

Glasgow now revives its original contention before the Board, and, as there, we find no ambiguity. When the lump sum item is read in conjunction with the rest of the contract, the intention of the parties is clear.

Affirmed.

### ORDER

The order of the Board of Claims in No. 521, dated March 2, 1982, is hereby affirmed.

Judge WILLIAMS, JR., concurs in the result only.

---

[5] *Id.*