Acme Fabricators and Welders, Inc., and Greulich, Inc., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued October 16, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., MACPHAIL, DOYLE, BARRY and COLINS.

■■■■■■■■■■

*James C. Larrimer, Dougherty, Larrimer & Lee,* for petitioners.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 22, 1985:

Acme Fabricators and Welders, Inc. (Acme) and Greulich, Inc. (Greulich) appeal the Board of Claims' order dismissing their contract claim against the Department of Transportation (DOT). We affirm.

DOT awarded Acme a highway improvement contract which included the replacement of an existing wooden bridge with an open steel decking bridge. The contract, incorporating Section 523 of the Administrative Code of 1929 (Code),[1] prohibited the use of any materials manufactured in West Virginia (a state which boycotts out-of-state materials). Part of the steel used in the decking supplied to Acme by Greulich was rolled in West Virginia. DOT rejected the decking because it contained materials manufactured in West Virginia. Acme and Greulich brought suit to recover the cost of manufacturing a substituted decking. Although the Board dismissed their claim on the merits, it found DOT's statute of limitation defense to be "substantial."

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 3 of the Act of June 1, 1931, P.L. 350, 71 P.S. §203.

DOT again contends that this action is barred by the six-month statute of limitations.[2] We agree.

The statute of limitations begins to run when the amount due under the claim is known and the party is able to advise the Commonwealth department involved of the claim and file a concise and specific written statement with the Board. *Department of Community Affairs v. Craftech International, Ltd.*, 72 Pa. Commonwealth Ct. 162, 456 A.2d 247 (1983).[3]

A review of the record discloses that, by November 5, 1979, both Acme and Greulich knew the amount due under their claim because the project was then accepted as complete by DOT. As that time, Acme and Greulich were able to prepare the required claim statement. Therefore, the statute of limitations began to run on November 5, 1979, and expired on May 5, 1980. The complaint was not filed with the Board until May 20, 1980.

We hold that this action is barred by the statute of limitations.[4]

Affirmed.

ORDER

The order of the Board of Claims, Docket No. 690 dated November 1, 1983, is affirmed.

---

[2] Section 6 of the Act of May 20, 1937 (Act), P.L. 728, *as amended*, 72 P.S. §4651-6, provides, in part, that "[t]he board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued."

[3] Section 6 of the Act also provides:
The claimants shall advise the department involved, in writing, of such claim, specifying the details thereof, and shall, within the same period, file with the secretary of the board a concise and specific written statement of this claim, signed and verified by the claimant before an officer authorized to administer oaths.

[4] Having made this determination, we need not address the Board's ruling on the merits.