545 A.2d 395

Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* Joseph I. F. Jerrytone, D.M.D., Respondent.

Argued April 22, 1988, before Judges DOYLE, PALLA-DINO and SMITH, sitting as a panel of three.

*Bruce G. Baron,* Assistant Counsel, for petitioner.

*Jerome L. Cohen,* for respondent.

OPINION BY JUDGE DOYLE, June 7, 1988:

This is an appeal by the Department of Public Welfare (DPW) from an order of the Board of Claims (Board) which ordered that DPW pay to Joseph I. F. Jerrytone, D.M.D., the amount of $9,780 together with interest at the rate of six percent per annum beginning from March 27, 1984. In so doing the Board granted to Dr. Jerrytone, a provider of dental services under an agreement with DPW, payment for certain services rendered, but denied payment as to other services. Dr. Jerrytone has not cross-appealed as to those payments which the Board denied him.

The Board found that Dr. Jerrytone had been a provider of services since 1974. Dr. Jerrytone had submitted invoices weekly or bi-weekly to DPW. Prior to rendering the services, Dr. Jerrytone also verified each patient's eligibility. The Board also found that the perti-

nent DPW regulation provides that an original invoice for payment must be submitted to DPW within six months from the date the service is rendered and that a rejected invoice may be resubmitted within an extended six-month period.

Prior to 1979, Dr. Jerrytone submitted invoices and received reimbursement with little difficulty. At that time DPW made extensive changes in billing and payment procedures and implemented a complex computer system. These changes resulted in the return by DPW of various invoices and their later resubmissions were then deemed untimely under DPW Regulation 1101.68, 55 Pa. Code §1101.68. On December 15, 1982 Dr. Jerrytone submitted 255 invoices for review by DPW's Claim Division. Review was denied. Thereafter, Dr. Jerrytone, upon the advice of DPW, contacted the Board and submitted to it the 255 invoices with a cover letter. Exactly when DPW advised Dr. Jerrytone to go to the Board and precisely what advice it gave him and who gave it are facts not indicated in the Board's adjudication. But obviously the advice was given sometime between the December 15, 1982 denial of review and May 2, 1983, on which date the Board accepted Dr. Jerrytone's documents as the filing of a claim. The Board, by letter dated May 10, 1983, communicated with Dr. Jerrytone as follows:

Dear Dr. Jerrytone:

On behalf of the Board of Claims, I acknowledge receipt of your letter of transmittal, as well as supporting documentation concerning your inability to resolve a claim with the Department of Public Welfare in the sum of $18,556.00.

This Board is a quasi-judicial tribunal which is governed by the Pennsylvania Rules of Civil Procedure, in accordance with the statutory authority contained in Act 193, approved May 1937, P.L. 728, as amended.

In that you are attempting to pursue this matter without aid of an attorney, you will, of necessity, abide by the consequences. At the very least before the Board can process this claim, the Board must receive from you a detailed statement of the facts involved, the circumstances surrounding the assessment of liquidated damages, the assessment of liquidated damages, the demand for a sum of money which you claim and an affidavit as to the truth of the contents contained therein. The Board is required to have the original and six copies of same so that we may make proper service on the Commonwealth of Pennsylvania.

We are returning your check in the amount of $50 made payable to the Pennsylvania Department of Medical Assistance. We require a filing fee in the amount of $50, to be made payable to the Board of Claims.

As soon as we receive the above named documents, we shall serve same on the Commonwealth and direct that they file a responsive pleading. Whatever form this pleading takes, you are responsible to treat same as the law determines.

We shall place the documents which we received from you in a miscellaneous file until we hear from you further. The case cannot be assigned a docket number nor can the matter commence until you meet at least the minimum requirements of the Pennsylvania Rules of Civil Procedure.

Hopefully you understand that this tribunal is totally impartial and it cannot determine the merits of the case until the case it [sic] at issue.

This letter was signed by Walter T. Starkey, Executive Secretary of the Board of Claims. Dr. Jerrytone subse-

quently perfected his filing more than ten months later, on March 27, 1984, and reduced the number of outstanding invoices from 255 to 182. It was not until this time that DPW was served with notice of the lawsuit.

Subsequent to a hearing, the Board determined in its adjudication and order that it had subject matter jurisdiction over the case, that Dr. Jerrytone's claim was timely filed, and that Dr. Jerrytone had substantially performed his contract with respect to those invoices where an award was allowed. This appeal ensued.

On appeal here our scope of review is limited to determining whether the Board committed an error of law or a constitutional violation and whether its necessary findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Three-O-One Market, Inc. v. Department of Public Welfare,* 64 Pa. Commonwealth Ct. 237, 439 A.2d 909 (1982).

DPW presents three arguments for our consideration. First, DPW again renews its argument that jurisdiction over provider cases such as this one rests with it and not the Board of Claims. DPW acknowledges, as it must, that this Court has previously held to the contrary. We held in *Department of Public Welfare v. Shapiro,* 91 Pa. Commonwealth Ct. 64, 496 A.2d 887 (1985), that in certain instances a cause of action in contract as asserted by the alleged breach of a provider agreement is properly brought before the Board. We did recognize certain exceptions acknowledging that where the question is one of a determination of eligibility for benefits or whether, and to what extent, a provider may have breached the terms of the agreement, jurisdiction is with DPW. *Id; see also Department of Public Welfare v. Divine Providence Hospital,* 101 Pa. Commonwealth Ct. 82, 516 A.2d 82 (1986). These exceptions, however, are not relevant to the instant case. Al-

though DPW urges us to overrule *Shapiro* and *Divine Providence* to the extent that they permit certain provider disputes to be adjudicated by the Board, we decline to do so. Accordingly, we hold that the Board possesses subject matter jurisdiction.

Next, DPW contends that Dr. Jerrytone's action before the Board was not timely filed and, hence, that the Board is deprived of jurisdiction on this basis. It presents several points to support this contention. First, it claims that the Board in its May 10, 1983 letter agreed to hold Dr. Jerrytone's filing date until he perfected his filing and argues that such procedure is without statutory or regulatory authority. Section 6 of the Act of May 20, 1937 (Act), P. L. 728, *as amended,* 72 P. S. §4651-6 (Act), which pertains to procedures before the Board, states in pertinent part:

> The board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued. The claimants shall advise the department involved, in writing, of such claim, specifying the details thereof, and *shall, within the same period, file with the secretary of the board a concise and specific written statement of this claim,* signed and verified by the claimant before an officer authorized to administer oaths.
>
> *The claimant at the time of filing such statement shall file therewith six copies of said statement,* and the secretary of the board shall forthwith deliver one copy to the secretary of the department involved and one copy to the Attorney General.
>
> At the time of filing his statement of claim, the claimant shall pay to the State Treasury, through the secretary of the board, the sum of $50.00 as a filing fee. (Emphasis added.)

It is clear that in May of 1983 Dr. Jerrytone had not complied with these procedures. The Board, in justifying its action in preserving the filing date, wrote in its adjudication that it has:

> developed a procedure to allow it to hear, determine, adjust and settle claims against the Commonwealth where the Statement of Claim may not completely meet technical requirement of the Rules of Civil Procedure. The procedure, in such cases, is to treat such filing as a Notice of Claim sufficient to toll the six (6) month statutory period with subsequent amendment or perfection of the Claim required for the matter to proceed. This parallels PA. R.C.P. 1007, dealing with the filing of a Praecipe for Writ of Summons. The rule allows the filing of a Praecipe alone to bar the running of the Statute. Here, an inept or technically defective statement stops the running of the limitation period without requiring the Respondent to meet such filing with any responsive pleading. No prejudice to Respondent is imposed and the Claimant can be allowed to place his Claim in a position for a proper determination.

Board Adjudication p. 15, n.1.

Under Section 8 of the Act, 72 P.S. §4651-8, "[a]ll matters before the board or hearing panel shall be governed by all of the rules of Pennsylvania Civil Procedure *not inconsistent with this act.*" (Emphasis added.) The question is, thus, whether Pa. R.C.P. No. 1007 is inconsistent with Section 6 of the Act.[1]

---

[1] We note that although the Board is directed in Section 10 of the Act, 72 P.S. §4651-10, to "establish such rules for its government, and regulations governing practice before it as it shall deem proper and necessary," it has failed to promulgate a regulation addressing this situation.

The language in Section 6 dictating what a claimant "shall" do is mandatory and precise as to what procedures must be followed to file a claim before the Board. And, where the words of a statute are clear, and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). We thus hold that the Board committed error in varying these statutory procedures, however beneficent its intentions were. Further, we realize that because of the Board's actions DPW remained unaware for nearly one year that a claim had been brought against it.[2] During that time relevant documents could well have been discarded unwittingly by DPW. Since, however, we have no allegation by DPW that such prejudice in fact occurred, we will permit the appeal in this instance. We do so because we view the Board's May 10 letter to Dr. Jerrytone as misinforming him concerning his right to bring his lawsuit. Such action in our view is the equivalent of a breakdown in the agency's operations thus justifying an appeal *nunc pro tunc. See Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985).

This, however, does not end the inquiry on the statute of limitations issue. DPW further contends that certain of the claims[3] had been denied by DPW in 1981 and, hence, even the May 1983 filing date would not make the suit timely. The Board failed to make the crucial findings on when these claims were denied.

---

[2] We have previously expressed concern over such a situation. *See Riggs v. Department of Transportation,* 55 Pa. Commonwealth Ct. 526, 530, n.3, 423 A.2d 812, 814, n.3 (1980). In *Riggs* we permitted an appeal despite the claimant's failure to follow the procedures in Section 6 because, *inter alia,* a statutory amendment had created some confusion on the state of the law.

[3] Invoice number 5 in part, and numbers 12, 30, 35, 46, 66, 108, 113, and 139 in total.

Further, DPW asserts that the December 28, 1982 date should not be considered as the date the cause of action accrued with respect to the remaining invoices either because Dr. Jerrytone had submitted these invoices prior to that date and they had been denied by DPW. Again, the Board made no findings on when each of these invoices had been submitted to DPW and denied. Essentially, DPW contends that Dr. Jerrytone cannot keep extending the statute of limitations by continually resubmitting the same claims. We agree. And whether that is, in fact, what occurred is a question of fact to be decided upon remand. We direct the Board's attention when it considers this question to *Whittaker v. Pennsylvania State Police*, 100 Pa. Commonwealth Ct. 631, 515 A.2d 347 (1986), and *Andrukaitis v. Pennsylvania State Police*, 46 Pa. Commonwealth Ct. 182, 405 A.2d 1153 (1979) as well as to its own case law which provides that the six month statutory period begins to run when one is *first* able to litigate, *i.e.*, when one knows the amount due under the claim. *See, e.g., Department of Public Welfare v. Federated Security, Inc.*, 49 Pa. Commonwealth Ct. 411, 411 A.2d 284 (1980); *Acme Fabricators and Welders, Inc. v. Department of Transportation*, 87 Pa. Commonwealth Ct. 162, 486 A.2d 577 (1985). Once the Board determines when Dr. Jerrytone knew of the denial of each of these claims in accordance with the above referenced case law, it should then proceed to decide on the merits any claims it deems to be timely.

Having determined that necessary factual findings are lacking and, hence, that the statute of limitations question cannot be resolved at this juncture of the proceedings, we shall, accordingly, remand for necessary findings.[4]

---

[4] Because of our disposition of this matter we need not consider the questions of whether the Board erred in determining the actual amount of payment to which Dr. Jerrytone was entitled and

## ·ORDER

NOW, June 7, 1988, the order of the Board of Claims in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

whether the Board erred in not strictly applying the DPW regulation governing the time in which invoices must be submitted to it for payment.