356 A.2d 759
**In re NOVEMBER 1975 SPECIAL INVESTI-
GATING GRAND JURY (two cases).**

**Appeal of F. Emmett FITZPATRICK (two cases).**

Supreme Court of Pennsylvania.
Argued April 2, 1976.

Decided May 12, 1976.

F. Emmett Fitzpatrick, Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty., for appellant.

Walter M. Phillips, Jr., Harry S. Tischler, Philadelphia, for appellee, Robert P. Kane.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

Appeal quashed. The appellant in this action, the District Attorney of Philadelphia, asks this Court to

review the letter of The Honorable Edward Bradley, President Judge of the Court of Common Pleas of Philadelphia, in which the Judge informed the appellant that the November 1975 Special Investigating Grand Jury would be staffed with personnel from the office of the Attorney General of Pennsylvania. No final order was entered.

Title 17 Section 211.202 provides that:

"The Supreme Court shall have exclusive jurisdiction of appeals from *final orders* of the courts of the common pleas in any of the following classes of cases:

(7) Supersession of a district attorney by an Attorney General or by a Court."

Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, 17 P.S. 211.202(7) (1975–1976 Supp.) (Emphasis added). While this is a case where a court has superseded a district attorney, no final order has been entered within this Court's definition of the term as set forth in *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 317–18, 95 A.2d 776 (1953):

"By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. The Court cannot assume such appellate jurisdiction even by consent of the parties." (Citations omitted).

 Admittedly, the letter of President Judge Bradley expresses a viewpoint as to the propriety of his action. However, the Appellate Court Jurisdiction Act precludes this Court from assuming jurisdiction absent a final order from the court below.[1] The orderly adminis-

---

1. An analogy to administrative law is inapposite. Under the Administrative Agency Law, "Within thirty days after the service of an *adjudication* . . . any person aggrieved thereby . . . shall have the right to appeal therefrom." 71 P.S. §

tration of justice demands that the requirements of *Stadler* be met before this Court accepts jurisdiction.[2] *See, e. g., City of Philadelphia v. William Penn Business Inst.,* 423 Pa. 490, 223 A.2d 850 (1966).

MANDERINO, J., filed a dissenting opinion in which NIX, J., joined.

MANDERINO, Justice (dissenting).

I dissent. We have jurisdiction over this appeal pursuant to Section 202(7) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202(7), which grants the Supreme Court exclusive jurisdiction over appeals involving the supersession of a district attorney by an Attorney General. This appeal, therefore, should not be quashed.

Appellant, F. Emmett Fitzpatrick, the District Attorney of Philadelphia, was superseded in the staffing of the November 1975 Special Investigating Grand Jury by Attorney General Robert P. Kane at the request of President Judge Edward Bradley of the Philadelphia County Court of Common Pleas. On December 16, 1975, Judge Bradley wrote to the Attorney General requesting that he assign a special attorney or attorneys to staff the November 1975 Special Investigating Grand Jury pursuant to Section 907 of the Administrative Code,

1710.41. The Act of July 31, 1963, P.L. 425, 71 P.S. § 1710.2, defines an adjudication as:

"[A]ny *final order, decree, decision, determination or ruling by an agency* affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceedings in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court." (Emphasis added).

While a letter from an administrative agency may serve as a final adjudication and afford rights of appeal under the Administrative Agency Law, the Appellate Court Jurisdiction Act and our cases make it clear that this Court may accept jurisdiction only from appeals from final orders.

2. There are remedies available to the District Attorney to enable him to secure a final order.

Act of April 9, 1929, P.L. 177, Art. IX, § 907, 71 P.S. § 297. Judge Bradley acted after receiving a recommendation that the district attorney's office not staff the grand jury from Judge Marshall, the judge assigned to preside over it. Judge Marshall's recommendation was based on findings of fact obtained at a hearing held on December 10, 1975 to determine if the district attorney's office was able to staff the grand jury. On December 17, 1975, the Attorney General responded to Judge Bradley's request and assigned the office of the Special Prosecutor to staff the grand jury. Shortly thereafter, appellant filed two notices of appeal, one from Judge Bradley's letter of December 16, 1975 requesting the Attorney General to supersede the district attorney's office, and the other from the action of the Attorney General on December 17, 1975 assigning the office of the Special Prosecutor to staff the grand jury. Those two appeals were subsequently consolidated into this one action in which appellant is contesting the legality of his supersession.

Section 907 of the Administrative Code, 71 P.S. § 297, which mandates the action of both the President Judge and the Attorney General in order to supersede a district attorney, does not provide any procedure to be followed should the district attorney object to the supersession, as does appellant in this case. When appellant requested that Judge Bradley enter a formal order indicating that appellant had been superseded pursuant to Section 907 of the Administrative Code, Judge Bradley stated that no such order was necessary as the action of the Attorney General complying with Judge Bradley's request for appellant's supersession effectively served as an order. Appellant is now appealing that "order."

Section 202 of the Appellate Court Jurisdiction Act of 1970 provides, in relevant part, that:

"The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following classes of cases: . . . (7) Supersession of a district attorney by an

Attorney General or by a court." Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.-202(7).

Accordingly, under Section 202, there must be a final order from a court of common pleas before this Court's jurisdiction attaches. It is the contention of *both* appellant and appellee that Judge Bradley's letter of December 16, 1975 in which he requested appellant's supersession, coupled with Attorney General Kane's responsive action on December 17, 1975, constitutes a final order, appealable to this Court under Section 202(7).

The question of whether a letter can be held to be a final, appealable order has never been answered by this Court. The Commonwealth Court, however, was held letters issued by administrative agencies to be final orders for the purpose of appeal, if the letters constitute adjudications within the meaning of Section 2(a) of the Administrative Agency Law. *See, Finkle v. Commonwealth of Pennsylvania State Real Estate Commission,* 17 Pa. Cmwlth. 221, 331 A.2d 593 (1975); *Newport Homes, Inc., et al. v. Kassab, et al.,* 17 Pa.Cmwlth. 317, 332 A.2d 568 (1975).

An adjudication under Section 2 of the Administrative Agency Law means:

"[A]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decisions, determination or ruling based upon a proceeding before a court." Act of July 31, 1963, P.L. 425, 71 P.S. § 1710.2.

In deciding whether a letter constituted an adjudication, the Commonwealth Court looked to its effect and finality: where the effect of the letter was to have final impact upon a party, it was considered an adjudication;

however, if the letter was merely advisory, it was held not to be an appealable adjudication. *See, McKinley v. State Board of Funeral Directors,* 5 Pa.Cmwlth. 42, 288 A.2d 840 (1972).

In the present case, we are not faced with a letter from an administrative agency. We are, however, dealing with an analogous situation: the President Judge of the Court of Common Pleas of Philadelphia is, by the very nature of his position, the administrator of the Court of Common Pleas, and his action requesting the supersession of the district attorney was very similar to the actions taken by administrative agencies. His determination decided with sufficient finality the rights and powers of the district attorney, and was, in effect, an adjudication within the meaning of Section 2 of the Administrative Agency Law. As such, Judge Bradley's letter constituted a final order, and is, therefore, appealable under Section 202 of the Appellate Court Jurisdiction Act.

A litigant should not be deprived of his or her appeal rights simply because a court makes a legally effective determination by letter and does not call it an order. There is no legal principle holding that an order cannot be in letter form. Surely, we would not deny an appeal from a jailed person whose judgment of sentence was delivered in letter form. Yet, here, where even Judge Bradley himself called his letter an order, a fact this Court presumptuously ignores, appellant is being denied his right to appeal.

Unless given the right to appeal the determination made by Judge Bradley, appellant will have been denied review of an order in which his rights and privileges were seriously affected. Therefore, since this Court does have jurisdiction over this case, I must disagree with the majority's order to quash the appeal. The appeal should be considered and the merits of the case resolved.

NIX, J., joins in this dissenting opinion.