Carl W. Burgerhoff, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*P. Richard Wagner*, with him *Mancke & Lightman*, for petitioner.

*John L. Heaton*, Chief Counsel, with him *Andrew B. Kramer*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 24, 1980:

Carl W. Burgerhoff (Petitioner) filed a petition for review with this Court seeking reinstatement to the Pennsylvania State Police force. The Pennsylvania State Police (Respondent) filed a motion to quash the petition for review pursuant to Pa. R.A.P. 1972. Pursuant to an order previously entered by President Judge BOWMAN, we shall regard Respondent's motion to quash as preliminary objections to the petition for review. The basic issue presented by the preliminary objections is whether a letter sent from the Commissioner of the Pennsylvania State Police (Commissioner) to Petitioner was an adjudication from which Peti-

tioner should have appealed, thereby precluding him from bringing this action within our original jurisdiction. We hold that the letter was an adjudication. Accordingly, we sustain Respondent's preliminary objections and dismiss Petitioner's petition for review.

In ruling on Respondent's preliminary objections, we accept as true all well and clearly pleaded facts as well as inferences fairly deducible therefrom, but not conclusions or averments of law. *Zurenda v. Commonwealth*, 46 Pa. Commonwealth Ct. 67, 69, 405 A.2d 1124, 1125-26 (1979). Petitioner had been a member of the Pennsylvania State Police force since 1971. He also was a member of the Pennsylvania Army National Guard. On or about January 23, 1978, Petitioner was ordered by the Adjutant General of the Department of Military Affairs to report to the United States Army Aviation Center at Fort Rucker, Alabama for helicopter pilot training duty. He requested a leave of absence without pay from his position with Respondent. His request was denied orally and he was informed that if he left his employment with Respondent to comply with the military orders he would be subject to a court martial proceeding. On April 10, 1978, he retired from the force. On April 17, 1979, Petitioner wrote to the Commissioner requesting reinstatement to the force. The Commissioner denied Petitioner's request by letter dated May 2, 1979. On June 20, 1979, Petitioner filed a petition for review with this Court pursuant to our original jurisdiction as set forth in Section 761 of the Judicial Code, 42 Pa. C.S. §761.

As the term is used in the Administrative Agency Law, "adjudication" is defined, in pertinent part, as "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa. C.S. §101.

This Court has repeatedly held that "[a] letter can constitute an adjudication in instances where it is a *final directive of final determination* by the agency affecting personal or property rights." (Emphasis added.) *Kerr v. Department of State*, 35 Pa. Commonwealth Ct. 330, 333-34, 385 A.2d 1038, 1039 (1978). *See also Andrukaitis v. Pennsylvania State Police*, 46 Pa. Commonwealth Ct. 182, 184, 405 A.2d 1153, 1154 (1979); *Callahan v. Pennsylvania State Police*, 39 Pa. Commonwealth Ct. 609, 612, 396 A.2d 81, 83 (1979). A discussion in the letter of the merits of the issues raised is a further indication that it constitutes an adjudication. *See Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. 19, 23-24, 372 A.2d 1233, 1235 (1977).

In applying the relevant case law[1] to the facts of this case, we can reach no conclusion except that the Commissioner's May 2, 1979 letter constituted an adjudication. Not only did the Commissioner in his letter discuss the merits of Petitioner's request for rein-

---

[1] The cases relied upon by Petitioner in arguing that the Commissioner's letter did not constitute an adjudication are clearly distinguishable from the present case. In *In re November 1975 Special Investigating Grand Jury*, 467 Pa. 298, 356 A.2d 759 (1976), a case involving a letter sent from a common pleas court judge to the district attorney of Philadelphia, our Supreme Court said,

An *analogy to administrative law is inapposite.* . . . While a letter from an administrative agency may serve as a final adjudication and afford rights of appeal under the Administrative Agency Law, the Appellate Court Jurisdiction Act and our cases make it clear that *this Court* may accept jurisdiction only from appeals from final orders. (Emphasis added.)

*Id.* at 300-01 n. 1, 356 A.2d at 760 n. 1. The letters in the other cases on which Petitioner relied, *Kerr v. Department of State, supra*, and *Department of Health v. Schum*, 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975), did not affect the rights of the Petitioners. Therefore, we held under those facts that those letters did not constitute adjudications.

statement,[2] but also he made clear that the decision was a final one.[3]

Because the Commissioner's letter was an adjudication, Petitioner's appropriate remedy was an appeal to this Court pursuant to Section 702 of the Administrative Agency Law, 2 Pa. C.S. §702, and Section 763 of the Judicial Code, 42 Pa. C.S. §763. Petitioner did not appeal from the Commissioner's adjudication. His failure to do so precludes him from now attempting to relitigate the issue of his reinstatement within our original jurisdiction. *Spencer v. Hemlock Township*, 43 Pa. Commonwealth Ct. 36, 39, 402 A.2d 1087, 1089 (1979); *Callahan v. Pennsylvania State Police*, at 612, 396 A.2d at 83.

Respondent's preliminary objections are sustained and Petitioner's petition for review is dismissed.[4]

ORDER

AND Now, this 24th day of January, 1980, the preliminary objections filed by Respondent Commonwealth of Pennsylvania, Pennsylvania State Police are

---

[2] It is the policy of the State Police not to reinstate former members. All members, upon separating from the Department, are aware of this policy since it is incorporated into their letters of request to resign or retire. Your letter of April 4, 1978 stated, 'I realize that by accepting these retirement benefits I cannot be reinstated as a member of the Pennsylvania State Police.'

[3] Your request for reinstatement as a Trooper in the Pennsylvania State Police is denied.

I thank you for your continued interest in the State Police and wish you success in your future endeavors.

[4] Petitioner also argues that even if the Commissioner's letter is an adjudication, we should hold that it is void because it was not written in compliance with Sections 504 and 507 of the Administrative Agency Law, 2 Pa. C.S. §§504 and 507. These are matters which should have been raised on appeal from the adjudication. We may not consider them now. *Callahan v. Pennsylvania State Police* at 613, 396 A.2d at 83.

sustained and the petition for review filed by Petitioner Carl W. Burgerhoff is dismissed.

Judge DiSalle did not participate in the decision in this case.