Stabatrol Corporation et al., Petitioners *v.* Metzval Corporation et al., Respondents.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Alan S. Baum,* with him *Robert S. Grigsby, Thomson, Rhodes & Grigsby, C. Grainger Bowman, McNees, Wallace & Nurick,* for petitioners.

*Francis P. Newell,* with him *Steven A. Madva* and *Ralph W. Brenner, Montgomery, McCracken, Walker & Rhoads,* for respondents, Metzval Corporation, Darbron Corporation, 1533 North Fletcher Corporation, Park L. Metzger, Richard E. Valiga and Lee L. Metzger.

*Louis A. Naugle,* Assistant Counsel, for respondent, Department of Environmental Resources.

OPINION BY JUDGE MACPHAIL, February 18, 1983:

Petitioners[1] have filed a petition for review in our original jurisdiction seeking equitable remedies against individual, corporate and governmental respondents.[2] All respondents have filed preliminary objections which are now before us for disposition. Petitioners have also filed preliminary objections to certain of respondents' preliminary objections.[3]

---

[1] Stabatrol Corporation, Waste Management, Inc. and Chemical Waste Management, Inc.

[2] Metzval Corporation, Darbron Corporation, 1533 North Fletcher Corporation, Park L. Metzger, Richard E. Valiga, Lee L. Metzger, Commonwealth of Pennsylvania, Department of Environmental Resources and Peter S. Duncan, Secretary of the Pennsylvania Department of Environmental Resources.

[3] Petitioners object to the preliminary objection captioned "defense of collateral attack" and the objection raising the bar of the pendency of prior actions. In view of our determination of the validity of other preliminary objections filed by the respondents, we need not address the Petitioners' preliminary objections.

This action emanates from negotiations between Petitioners and the corporate and individual respondents (other than Peter S. Duncan (Secretary)) relative to the purchase by the Petitioners from the corporate and individual respondents (exclusive of the Secretary) of certain chattels, assets, stock and other items used by such respondents in the conduct of a hazardous waste disposal business in Pennsylvania. Petitioners allege that after they had entered into an agreement of sale with those respondents and had advanced substantial sums on account of the purchase price, certain developments occurred which have caused them substantial and irreparable harm. Among such developments were certain orders of the Department of Environmental Resources (DER) pertaining to hazardous waste disposal sites used by the sellers and pertinent to the terms of the agreement of sale.

Petitioners allege that during their negotiations with the sellers, they had discussions with DER and the Secretary (collectively, Commonwealth Respondents) and that Commonwealth Respondents, at the time of those discussions, had knowledge of the violations which resulted in DER's subsequent orders. Petitioners contend to us that these misrepresentations of existing facts constitute misfeasance and/or malfeasance on the part of the Commonwealth Respondents. Petitioners ask that DER and the Secretary be enjoined from enforcing against Petitioners the DER orders issued subsequent to the execution of subject agreement of sale.

It is well settled that for the purpose of disposing of the preliminary objections now before us, the factual averments in the petition must be deemed to be true. *Burgerhoff v. Pennsylvania State Police*, 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980). It is equally well settled that if we find that the factual al-

legations in the petition are sufficient to vest jurisdiction in this Court and to impose liability upon DER and/or the Secretary, then we may dispose of the substantive issues in this case regarding all respondents. By the same token, if we find that the factual allegations against DER and the Secretary are insufficient to vest jurisdiction in this Court or to impose liability upon DER and the Secretary, then the case cannot proceed further in this Court.

As may be expected, the Commonwealth Respondents contend that we have no equitable jurisdiction because Petitioners have failed to pursue their statutory remedy, to wit, an appeal to the Environmental Hearing Board (EHB) under the provisions of Section 1921-A of the Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-21[4] and the Administrative Agency Law, 2 Pa. C. S. §§501-508, 701-704. Petitioners argue that the provisions of the Code do not provide an adequate remedy for them, because they seek injunctive relief based upon actions of misfeasance and/or malfeasance of the Commonwealth Respondents. They say that they are not seeking to impose liability because of any DER order, permit, license or decision. *See* Section 1921-A.(a) of the Code, 71 P.S. §510-21(a).

It must be observed, however, that the claim for relief in both counts of the petition for review is that DER be enjoined from enforcing its orders. An administrative appeal taken from those orders, if successful, would set aside the DER orders and that

---

[4] Section 1921-A provides, in pertinent part, as follows:

(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of the act of June 4, 1945 (P.L. 1388), known as the "Administrative Agency Law," on any order, permit, license or decision of the Department of Environmental Resources.

would obviate the need for injunctive relief regardless of the existence of any purported misrepresentations by Commonwealth Respondents. In our opinion, therefore, the available administrative remedy would be adequate. The preliminary objections of the Commonwealth Respondents raising the question of jurisdiction must be sustained. Where parties seeking equitable relief have failed to exhaust an adequate administrative remedy, this Court can not and should not act. *Pechner v. Pennsylvania Insurance Department,*    Pa.    , 452 A.2d 230 (1982).

We turn next to a consideration of whether the factual averments in the petition set forth a cause of action for misfeasance or malfeasance by the Commonwealth Respondents. In this regard, we observe that nowhere in the petition for review is there mention of the terms "misfeasance" or "malfeasance". Of course, if the factual averments in the petition set forth a cause of action based upon those concepts, the mere omission of those terms is not fatal. We also note, however, that if the petition does set forth a cause of action, it would not entitle Petitioners to the *equitable* relief requested. As will later become clear, a cause of action for misfeasance or malfeasance should be pursued on the law side of the court. Thus, the injunctive remedy requested here by Petitioners would not flow from a successful legal cause of action for misfeasance or malfeasance. There, accordingly, should be no need to certify this case to the law side of the court pursuant to Pa. R.C.P. No. 1509(c), since no remedy at law could satisfy Petitioner's claim. *See Holiday Lounge, Inc. v. Shaler Enterprises Corp.,* 441 Pa. 201, 272 A.2d 175 (1971). We will nevertheless, in the interest of thoroughness, examine the petition to determine whether the factual allegations set forth a separate cause of action for misfeasance or malfeasance which could be addressed in an action at law.

Case law tells us that misfeasance is the doing of something which ought not to be done, *i.e.* something which a reasonable man would not do, or doing something in such a manner as a man of reasonable and ordinary prudence would not do, in either case leading to mischief or injury. *Nelson v. Duquesne Light Co.,* 338 Pa. 37, 12 A.2d 299 (1940). On the other hand, malfeasance normally pertains to the conduct of an official in the performance of his official duties. A charge of malfeasance as it might pertain to the Secretary in the instant case would be criminal in nature. The definition requires proof of the breach of a positive statutory duty or the performance of a discretionary act with a corrupt motive. *Commonwealth v. McSorley,* 189 Pa. Superior Ct. 223, 150 A.2d 570 (1959). In either case, it is apparent that Petitioners' remedy is not in equity but rather on the law side of the court. Moreover, mere errors in judgment do not constitute misfeasance or malfeasance. Were the law otherwise, many orders of the DER would be subject to challenge in our Court on the grounds that actions by the DER constituted misfeasance by its employees. Here, the specific allegations against DER as set forth in Count II of the petition and especially in paragraph 56[5] are

[5] Paragraph 56 of the petition, provides as follows:

56. The violations alleged by DER in its orders were not created or caused by petitioners, but in fact were created and caused before November 14, 1980 by all respondents, including DER, as set forth in Count One hereof and in the following respects:

(a) DER failed to discharge its mandatory duty to inspect the day-to-day operations at Lyncott, so that deficiencies could be discovered and immediately remedied;

(b) DER failed to properly analyze the information it had discovered and received concerning the operations at Lyncott;

(c) DER failed to warn members of the general public, including petitioners, about the deficiencies at the Lyncott site;

allegations which would be the proper basis for an administrative appeal, nothing more. The allegations against the Secretary, demonstrate nothing in the way of a corrupt motive or the breach of any of his specific statutory duties. Again, we say that the averments in the petition may constitute grounds for an administrative appeal, but they do not make out a cause of action for misfeasance or malfeasance against the Commonwealth Respondents.

We hold that 1) Petitioners have an adequate administrative remedy and 2) the factual allegations of the petition are insufficient to make out a cause of action against the Commonwealth Respondents for misfeasance and/or malfeasance in office. We will, therefore, dismiss this action against the Commonwealth Respondents.

Since we would lack statutory jurisdiction over the other named respondents if the Commonwealth Respondents are no longer parties, we need not address their preliminary objections. Petitioners' brief acknowledges that a complaint has been filed in Montgomery County Court of Common Pleas against the other corporate and individual respondents, thus preserving their cause of action against those respondents; therefore, we need not transfer this case to that court for further proceedings as we would be required to do otherwise. *See* Pa. R.C.P. No. 213(f).

---

(e) DER knew or had reason to know that it had insufficient data or information to substantiate its claims that the procedures used at Lyncott were sound, that the reputation of the private respondents was good and that the operations at Lyncott conformed to legal and permit requirements.

(f) The intentional or wrongful acts of DER and the Secretary and their failure to perform their undertakings substantially contributed to the character, severity, and duration of the violations existing at the Lyncott site and proximately resulted in the issuance and continuance of permits to respondent Metzval and Lyncott Corp.

## Order

The preliminary objections of the Department of Environmental Resources and Peter S. Duncan, Secretary of the Department of Environmental Resources raising a question of jurisdiction and setting forth a demurrer are sustained. The action is dismissed.