Richard W. Henry, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued January 30, 1984, before Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Jeffrey F. Bahls,* for petitioner.

*Joseph S. Rengert,* with him *Francis X. O'Brien, Jr.,* for respondent.

OPINION BY JUDGE ROGERS, March 6, 1984:

Richard W. Henry has filed a Petition for Review of a decision of the Background Investigation Screening Board (Screening Board) of the Pennsylvania State Police (PSP) permanently disqualifying him for employment as a state police officer because of an offense committed when he was a juvenile and because he failed to reveal this offense on his employment application. The offense is described as the construction with other minors of an explosive device and exploding it in an abandoned house, with the con-

sequence that Henry and the other minors were arrested, processed through the juvenile system and subjected to reprimand and counseling.

PSP has filed a motion to dismiss the Petition for Review on the ground that the Screening Board's decision was not an adjudication because Henry had no right to employment with PSP. By this we assume that PSP means that the Screening Board's ruling was not an adjudication because it did not affect any "personal or property rights, privilege, [or] immunities" enjoyed by Henry. *See* the definition of an adjudication at 2 Pa. C. S. §101. We conclude that PSP's motion to dismiss should be overruled.

The Screening Board and the Background Investigation Appeal Board (Appeal Board) to which Henry unsuccessfully appealed the Screening Board's decision are creatures of a final judgment, in the form of a consent decree, entered in the United States District Court for the Eastern District of Pennsylvania in an action by nonwhite and Spanish surnamed persons complaining that there were insufficient such minority persons members of PSP. The decree ordains in great detail the hiring procedures PSP must follow in selecting new members, called cadets, from first interview to final selection. Henry alleges that he passed his interview, his written examination and all other requirements for selection until his application reached the last step, investigation by the Screening Board, which, as we have seen, found him permanently disqualified.

The consent decree provides that an applicant rejected by the Screening Board shall be notified of his right to appeal to the Appeal Board consisting of the Deputy Commissioner of PSP, the Deputy Director of the Civil Service Commission and the Director or Deputy Director of the Governor's Office of Per-

sonnel. Henry appealed the Screening Board's action to the Appeal Board, with requests for an evidentiary hearing and oral argument on the matter of the grounds asserted for his disqualification. By letter to Henry from the PSP personnel director Henry was informed that the Appeal Board had reviewed the report of the Screening Board and his appeal papers and had decided that he is permanently disqualified for employment as a PSP cadet. Henry's requests for evidentiary hearing and oral argument were ignored.

The Screening Board's notice of disqualification was an adjudication. In *Burgerhoff v. Pennsylvania State Police*, 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980), we held that a letter of the Commissioner of the State Police denying a retired member's request for reinstatement was a final decision affecting personal or property rights and therefore an adjudication. The Screening Board's directive here purports not only finally, but permanently, to adjudicate Henry's lack of qualification to be a state policeman. In addition, the elaborate selection procedures provided in the consent decree, including the allowance of appeals from adverse decisions of the Screening Board, all designed to promote fairness in choosing cadets, can fairly be said to have established in persons aspiring to be cadets, a sufficient personal, if not property, interest in the integrity of the background investigation to render the Screening Board's decisions adjudications. Since no adjudication is valid as to any party unless afforded reasonable notice of a hearing and an opportunity to be heard, the Screening Board's adjudication was invalid. 2 Pa. C. S. §504.

Henry's motion to compel PSP to file a record of the proceedings before the agency is dismissed as un-

necessary in the light of our disposition of this appeal.

We vacate the decisions of the Background Investigation Screening Board and the Appeal Board and remand the record to the respondent Pennsylvania State Police, with direction that the Background Investigation Screening Board conduct a hearing conforming to 2 Pa. C. S. §504 and based thereon produce a new adjudication, from which the petitioner may appeal to the Appeal Board and thereafter, if desired, seek judicial review. Jurisdiction is relinquished.

ORDER

AND Now, this 6th day of March, 1984, the decision of the Background Investigation Screening Board dated June 10, 1983 and of the Background Investigation Appeal Board dated July 19, 1983 are vacated; the record is remanded to the Pennsylvania State Police, with direction that the Background Investigation Screening Board conduct a hearing conforming to 2 Pa. C. S. §504 and based thereon produce a new adjudication, from which the petitioner may appeal to the Appeal Board and thereafter, if desired, seek judicial review. Jurisdiction is relinquished.