529 A.2d 1176

The Peoples Natural Gas Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued June 8, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Kevin J. McKeon,* with him, *Joseph J. Malatesta, Jr.,* and *William T. Hawke, Malatesta, Hawke* & *McKeon,* for petitioner.

*John F. Povilaitis,* Deputy Chief Counsel, with him, *Kenneth Zielonis,* Assistant Counsel, *Daniel P. Delaney,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 13, 1987:

Before the Court at this time are the preliminary objections of the Pennsylvania Public Utility Commission (Commission) to Count 2 of the Petition for Review (Petition) of The Peoples Natural Gas Company (Peoples).[1] We will sustain the preliminary objections.

Peoples' Petition contains two counts: Count 1 is addressed to our appellate jurisdiction and Count 2 is addressed to our original jurisdiction. In an introductory statement in the Petition, Peoples indicates that the purpose of the dual nature of the Petition is to provide this Court with an evidentiary record which will enable it to arrive at a "meaningful resolution" of Count 1.

Before we discuss the preliminary objections, we will set forth in brief detail the history of the case as outlined in the briefs of the litigants.

Peoples filed a general rate increase with the Commission requesting 19.8 million dollars in additional revenue. After hearings and a recommendation of the Administrative Law Judge, the Commission entered an order on October 31, 1986 granting Peoples an increase

---

[1] The Commission's motion to dismiss the appeal is not before us at this time.

of 7.1 million dollars. That order also directed Peoples to file a tariff consistent with the order.

On November 3, 1986, Peoples filed a Compliance Filing purporting to be consistent with the Commission's order of October 31, 1986. Several parties to the rate increase proceedings filed objections to the Compliance Filing, contending that that filing was not consistent with the Commission's order.

On January 9, 1987, the Commission rejected Peoples' Compliance Filing and directed Peoples to submit a new filing which fully complied with the October 31, 1986 order. Peoples thereupon filed its Petition with this Court and subsequent thereto filed with us an application for a stay order. Following an evidentiary hearing, that application was granted but, on appeal to our Supreme Court, the stay order was vacated.

As we understand it, Peoples' contention is that it is necessary for this Court to know the precise dollar amounts allocated to Peoples' large industrial class of customers in the "procedure" prescribed in the Commission's orders of October 31, 1986 and January 9, 1987. Peoples contends that these facts do appear in the evidentiary record made with respect to the application for a stay. In its brief, Peoples states that if we overrule the Commission's objections, we should treat the supersedeas record as part of the record on appeal and declare the original jurisdiction action to be moot. If, on the other hand, we sustain the objections, Peoples asks that we confirm in our order "that the supersedeas record is part of the record on appeal."

In Count 1 of Peoples' Petition addressed to our appellate jurisdiction, Peoples sets forth in 17 paragraphs why it believes the Commission's January 9, 1987 Opinion and Order are invalid. In Count 2, Peoples incorporates 8 paragraphs from Count 1[2] and asks that we

---

[2] Paragraphs 2 and 3 and 11-16 inclusive.

reverse the January 9, 1987 order and grant such other relief as may be just and appropriate. The Commission's first objection is in the nature of a demurrer. We have often said that in ruling upon a demurrer, we will accept as true all well and clearly pleaded facts as well as inferences fairly deducible therefrom, but not conclusions or averments of law. *Burgerhoff v. Pennsylvania State Police,* 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980).

Our review of the paragraphs comprising Count 1 and incorporated by reference in Count 2 as the sole basis for Peoples' action in our original jurisdiction, leads us to the conclusion that the crux of Peoples' pleading is set forth in paragraph 15 wherein it is stated:

> On January 9, 1987 the Commission entered its 'Opinion and Order Re: Compliance Filing' (January 9, 1987 Opinion and Order), in which the Commission addressed and resolved the OCA's challenge to Peoples' November 3, 1986 compliance filing. Although the exact nature of the Commission's action on January 9, 1987 almost certainly will be a point of contest in the proceeding initiated by this Petition for Review, the result of the January 9, 1987 Opinion and Order is that Peoples was directed to submit a new compliance filing, based on a revised cost of service study, to establish a new allocation of fixed or non-gas cost revenue responsibility among Peoples' four customer classes.

While Peoples is certainly entitled to an appeal from the Commission's order of January 9, 1987, we find no factual allegations which would authorize us to give any relief to Peoples in our original jurisdiction; indeed, in the conclusionary paragraph of the Petition, Peoples

requests no specific relief which we could grant in our original jurisdiction. As the Commission points out, our Supreme Court has held with finality that the original jurisdiction of this Court is limited in matters involving Commonwealth agencies to those actions not within our appellate jurisdiction. *Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 469 A.2d 1012 (1983). We conclude that Peoples' Petition clearly sets forth the matter for our appellate review; therefore, we must sustain the demurrer.[3]

Concerning Peoples' request that we somehow confirm in our order disposing of the preliminary objections that the record on appeal must include the evidentiary hearing held with respect to the application for a stay, we note that Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, provides that in appeals from Commonwealth agency decisions, we are to hear the appeal "on the record certified *by the Commonwealth agency.*" (Emphasis added.) *See also* 1 Darlington, McKeon, Schuckers, Brown, Pennsylvania Appellate Practice §1951:10 at 545 (1986), and Pa. R.A.P. 1951. While provision is made in Pa. R.A.P. 1951(b) for correcting misstatements or supplying omissions in the record on appeal, both references are to the record "below." While it is true that both parties here had the opportunity to question witnesses and request evidentiary rulings in the hearing on the application for a stay, it must be remembered that the sole purpose of that proceeding was to determine whether a stay should be granted and not to supplement a record made before the Commission. Under such circumstances, we are constrained to deny Peoples' alternative request.

---

[3] Our ruling with respect to the demurrer makes it unnecessary for us to rule upon the Commission's other objections.

## ORDER

The preliminary objection of the Pennsylvania Public Utility Commission in the nature of a demurrer to Count 2 of the Petition for Review of The Peoples Natural Gas Company is sustained and that part of said Petition filed to our original jurisdiction is dismissed.