613 A.2d 150

**Anthony J. KOVALCHIK, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, BACKGROUND INVESTIGATION APPEAL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided July 27, 1992.

James J. Kutz, for petitioner.

Joseph S. Rengert, Chief Counsel, for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Anthony J. Kovalchik appeals from a decision of the Pennsylvania State Police, Background Investigation Appeal Board (the Appeal Board) which disqualified him from employment as a cadet with the Pennsylvania State Police (the State Police). Kovalchik argues that his hearing before the Appeal Board did not comply with the requirements of 2 Pa.C.S. §§ 501–508, thereby depriving him of his due process rights. Kovalchik also argues that the Appeal Board relied upon evidence outside the record when rendering its decision and that the Appeal Board's findings are not supported by substantial evidence. We agree with Kovalchik's first argument, vacate the Appeal Board's decision and remand for a new hearing.

Our disposition of this case requires a thorough review of the procedural history of the dispute. Kovalchik applied for employment with the State Police as a trooper. Kovalchik's application was processed under the provisions of a consent decree entered into by the State Police and other parties in *Bolden v. Pennsylvania State Police*, Civ.A. No. 73–2604, E.D.Pa., June 20, 1974, *modified*, 73 F.R.D. 370 (1976). Pursuant to the terms of that consent decree, Kovalchik was subjected to a background investigation. That investigation revealed that Kovalchik had pled guilty to the summary offense of trespass; Kovalchik had not disclosed this on his application for employment. Further investigation revealed that the guilty plea arose from an incident which occurred while Kovalchik was enrolled in his final year at Kutztown State University. Kovalchik was alleged to have engaged in a scuffle at a tavern and another altercation with the same individual at a private party later the same evening.

Because of the results of the background investigation, Kovalchik received a letter from the State Police informing him that the Background Investigation Screening Board (the Screening Board) had disqualified him from employment as a cadet. The letter listed the grounds for disqualification as: (1) the intentional omission of the criminal charges and trespass guilty plea from his application, and (2) lack of self-

restraint and self-discipline because the offense grew out of fighting with other students. (State Police letter, 12/12/90.) The letter informed Kovalchik that he could submit a written rebuttal to the Appeal Board within twenty days.

Kovalchik submitted a written rebuttal. The intentional omission was explained by Kovalchik's reliance on counsel who advised him to plead guilty to the summary offense and represented that there would be no need to list the summary offense on his employment application to the State Police. Kovalchik also disputed the second basis for disqualification, listing other incidents from his background demonstrating good character as well as several references. By letter of February 8, 1991, the Appeal Board affirmed the Screening Board decision.

Kovalchik filed an application for reconsideration and a request for a hearing with the Appeal Board. He claimed that he was denied his due process rights because he was finally disqualified without a hearing. Kovalchik also filed a petition for review with this Court. Pursuant to a stipulation between the parties, the petition for review was withdrawn and Kovalchik was granted a hearing before the Appeal Board. At this hearing, Kovalchik would be allowed to present evidence but the State Police would not present testimony or evidence to support its position. The stipulation made clear that Kovalchik was not being granted hearing in the nature of an adversarial proceeding. Both the State Police and Kovalchik reserved the right to raise the issue of Kovalchik's right to a hearing in later proceedings. (Letter from Chief Counsel of the Pennsylvania State Police, 3/15/91; Letter from Kovalchik's counsel, 3/26/91.)

Kovalchik testified at the Appeal Board hearing, explaining his failure to list the guilty plea to the trespass charge as reliance on the advice of counsel and explaining his role in the fighting incidents as a peacemaker defending himself. Kovalchik also presented witnesses who corroborated his version of both the omission and the fights, as well as character witnesses. The State Police presented no evidence. The Appeal Board determined that Kovalchik had not intentionally omit-

ted the trespass guilty plea from his application. The Appeal Board affirmed the disqualification, however, because Kovalchik had not left the private party as soon as he learned of the presence of the individuals with whom he had fought earlier that evening. The Appeal Board concluded that:

[T]he circumstances surrounding the incident reflect unfavorably upon the applicant's judgement, self-restraint, self-discipline and his ability to make sound decisions, because he did not exit the scene as soon as he learned of the potential for problems there. The applicant's conduct with respect to this incident is sufficient, in and of itself, to warrant rejection.

(Appeal Board letter, 11/8/91.) The Appeal Board's decision contains no discussion, or even mention, of the State Police argument to the Screening Board that disqualification was warranted based upon lack of self-restraint and self-discipline as evidenced by fighting with other students.

On appeal, the State Police argue that Kovalchik was not entitled to a hearing on the disqualification decision and that any defect in the hearing is harmless error. We disagree. Twice before this Court has considered whether an applicant for a trooper position has a right to a hearing before disqualification from employment. Both times we decided that the existence of the *Bolden* consent decree conferred such a right. *Henry v. Pennsylvania State Police*, 80 Pa.Commonwealth Ct. 595, 471 A.2d 1341, *reaffirmed*, 86 Pa.Commonwealth Ct. 287, 484 A.2d 846 (1984) (en banc), *appeal dismissed as improvidently granted*, 512 Pa. 406, 517 A.2d 537 (1986). The original panel decision (*Henry No. 1*) noted that:

[T]he elaborate selection procedures provided in the consent decree, including the allowance of appeals from adverse decisions of the Screening Board, all designed to promote fairness in choosing cadets, can fairly be said to have established in persons aspiring to be cadets, a sufficient personal, if not property, interest in the integrity of the background investigation to render the Screening Board's decisions adjudications. Since no adjudication is valid as to any party unless afforded reasonable notice of a hearing and

an opportunity to be heard, the Screening Board's adjudication was invalid. 2 Pa.C.S. § 504.

*Henry No. 1,* 80 Pa.Commonwealth Ct. at 598, 471 A.2d at 1343. The en banc decision (*Henry No. 2*) reaffirmed this conclusion:

> [T]he respondent's contention that the right conferred on the applicant by decree to appeal to the Appeal Board does not include the rights to appear, to be heard and to produce evidence showing that the invidious facts found by the Screening Board are mistaken, seems to us to be marked by want of intelligent and reasonable consideration.

*Henry No. 2,* 86 Pa.Commonwealth Ct. at 292, 484 A.2d at 849.

The State Police attempt to distinguish the *Henry* cases by pointing to factual differences in the reasons for the disqualification of Kovalchik and those asserted to disqualify the applicant in *Henry.* We are unpersuaded. Although both *Henry No. 1* and *Henry No. 2* discuss the reason for disqualification, i.e., a prior encounter with law enforcement officers when the applicant was a child, it is the personal interest in the integrity of the selection process created by the consent decree which gives rise to the necessity of a hearing, no matter what the alleged basis for disqualification. An alleged basis for disqualification is a purported reason to deprive an individual of the interest created by the *Bolden* decree. The interest does not arise from other sources. Once the interest is present, no adjudication is valid without a prior hearing. 2 Pa.C.S. § 504.

The State Police argue that the distinction drawn above is supported by our decision in *Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 515 A.2d 351 (1986), *petition for allowance of appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987). To the contrary, we believe *Hasinecz* supports our decision today that the personal interest arises solely from the *Bolden* consent decree. *Hasinecz* does quote *Henry No. 2* for the proposition that not all applicants for public employment have personal or property rights in the position sought. That quote must be read in the context of the previous observation that "[w]hat personal and property rights existed in *Henry* were reposited in the applicant by the *Bolden* consent decree

of the United States District Court for the Eastern District of Pennsylvania entered in June of 1974." *Hasinecz,* 100 Pa.Commonwealth Ct. at 628–29, 515 A.2d at 355. True, the *Hasinecz* court found no right to a hearing in the petitioner in that case; however, that was because the petitioner there sought reinstatement to his trooper position, a process not covered by the *Bolden* consent decree. Thus, *Hasinecz* supports our decision that the consent decree is the key factor giving rise to an interest on the part of applicants, as opposed to those seeking reinstatement. That interest requires a hearing before it can be terminated by an agency adjudication.

The State Police also argue that Kovalchik has no right to a hearing because he is not a Hispanic or other minority for whose benefit the consent decree was entered. That this argument was previously rejected by our en banc decision is evidenced by the dissenting opinion specifically advocating that position. *Henry No. 2,* 86 Pa.Commonwealth at 292, 484 A.2d at 849. Further, the State Police argue that any interest arising from the consent decree is not substantial and, therefore, no hearing is required. This argument is implicitly rejected by the remand for a hearing in *Henry No. 1* and *Henry No. 2.* Finally, the State Police argue that Kovalchik having agreed to a non-adversarial hearing cannot now assert any deficiency. The letters establishing the stipulation clearly preserve the issue of Kovalchik's right to a hearing for both parties. Thus, Kovalchik has not agreed to waive this argument.

The Appeal Board decision acts as an adjudication affecting Kovlachik's personal interest in the integrity of the selection process. Our standard of review of such an adjudication is prescribed by statute. We shall affirm the adjudication unless we determine that it

[I]s in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact

made by the agency and necessary to support its adjudication is not supported by substantial evidence.

2 Pa.C.S. § 704.

■ It is clear that the proceeding before the Appeal Board was insufficient to vindicate Kovalchik's right to a hearing. *Henry No. 1* is clear that such a hearing is to be conducted pursuant to 2 Pa.C.S. §§ 501–508, governing the practice and procedure of Commonwealth agencies. The right to cross-examination is specifically provided. 2 Pa.C.S. § 505. The State Police never presented any evidence, thus Kovalchik was never afforded the opportunity to cross-examine the investigators or their sources of information. Further, our Supreme Court, in construing the requirements of Section 504, has held that no adjudicatory action is valid unless there has been "a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument." *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981). Kovalchik correctly notes that he had no opportunity to hear the evidence introduced against him. More importantly, the Appeal Board affirmed the disqualification decision upon a basis never advanced before or during the hearing. Unless one is aware of the claims against him or her, one can neither introduce contrary evidence nor effectively argue for a contrary interpretation of the record.

■ One final procedural infirmity requires discussion. *Henry No. 1* is clear that it is the decision of the Screening Board which is an adjudication. Such an adjudication is not valid without a prior hearing; thus the proper procedure is for the Screening Board to conduct the Section 504 hearing from which an appeal lies to the Appeal Board. *Henry No. 1,* 80 Pa.Commonwealth Ct. at 599, 471 A.2d at 1343. Accordingly, the orders of the Background Investigation Appeal Board and the Background Investigation Screening Board are vacated. The record is remanded to the Screening Board for a hearing and adjudication based solely upon the issues raised by the State Police in the December 12, 1990 letter, i.e., intentional omission of the criminal charges and guilty plea and lack of

self-restraint and self-discipline as evidenced by fighting with other students.

Vacated and remanded.

## ORDER

NOW, July 27, 1992, the decision of the Pennsylvania State Police, Background Investigation Appeal Board entered in this case by letter of November 8, 1991, and the decision of the Pennsylvania State Police, Background Investigation Screening Board entered in this case by letter dated December 12, 1990 are vacated; the record is remanded to the Pennsylvania State Police with direction that the Background Investigation Screening Board conduct a hearing conforming to 2 Pa.C.S. §§ 501–508.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting.

I respectfully dissent and would affirm the decision of the Pennsylvania State Police Background Investigation Appeal Board (Appeal Board).

The December 12, 1990 letter of the Pennsylvania State Police Background Investigation Screening Board (Screening Board) stated that Kovalchik was disqualified from employment as a State Police cadet because Kovalchik had failed to report on his cadet application that he had previously pled guilty to the summary criminal offense of trespass. 2 Pa.C.S. § 507. Kovalchik submitted a written response which did not deny either his pleading guilty to the summary criminal offense of trespass or his failing to report his guilty plea on his cadet application. Instead, Kovalchik's response merely attempted to explain the circumstances surrounding the entry of the guilty plea and the reasons for the failure to report the guilty plea on the cadet application.

By not denying his failure to report his guilty plea on his cadet application, Kovalchik admitted the existence of a prima facie case for his disqualification as a State Police cadet. At the subsequent Appeal Board hearing on Kovalchik's disqualification from employment as a cadet, there was thus no need

for the State Police to present evidence of the grounds for Kovalchik's disqualification and, correspondingly, Kovalchik was not denied his right to cross-examination. 2 Pa.C.S. § 505.

Inasmuch as the hearing before the Appeal Board was held at Kovalchik's request and Kovalchik had received the Screening Board's December 12, 1990 letter, Kovalchik had reasonable notice of the hearing and the grounds therefor so that he could prepare his defense. 2 Pa.C.S. § 504.

At the hearing before the Appeal Board, Kovalchik was afforded the opportunity to present evidence in his own behalf. 2 Pa.C.S. §§ 504–505. Kovalchik testified in an attempt to diminish the significance of both the events underlying his guilty plea and his omission of a reference to the guilty plea on his cadet application.

Because it is indisputable that Kovalchik failed to report his guilty plea on his cadet application and because the hearing before the Appeal Board accorded Kovalchik due process in conformity with the requirements of sections 501–508 of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, I would affirm the Appeal Board's decision disqualifying Kovalchik from employment as a cadet.