**FRANKLIN PLASTICS CORPORATION,**
**Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL**
**RESOURCES, Respondent.**

**DEPARTMENT OF ENVIRONMENTAL**
**RESOURCES, Petitioner,**

v.

**FRANKLIN PLASTICS CORPORATION,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1994.

Decided March 30, 1995.

A. Richard Gerber and Jane E. Leopold–Leventhal, for petitioner/respondent Franklin Plastics Corp.

Douglas G. White, for respondent/petitioner Dept. of Environmental Resources.

Before SMITH and NEWMAN, JJ., and LORD, Senior Judge.

SMITH, Judge.

Before this Court are the consolidated appeals of Franklin Plastics Corporation (Franklin) and the Department of Environmental Resources (DER) from an order of the Environmental Hearing Board (Board) entered on February 11, 1994. In its order, the Board assessed penalties of $4,750 against Franklin for violations of the Air Pollution Control Act (Act), Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §§ 4001–4015, and regulations promulgated thereunder controlling malodor and fugitive emissions;[1] the Board also dismissed DER's

allegations against Franklin of a malodor violation on May 15, 1989.

I

Franklin owns Vy–Cal Plastics, a plastics manufacturing facility, which produces flexible vinyl for, inter alia, notebook binders, wall coverings and blister packs for birth control pills. In Vy–Cal's manufacturing process, polyvinylchloride (PVC) resin, plasticizer, calcium carbonate fillers, pigment, stabilizers and lubricants are mixed using heat and pressure, milled, and calendared into plastic sheets. Vy–Cal Plastics is located in Conshohocken Borough, Montgomery County, with a population of approximately 8,500; and located in proximity to Vy–Cal's facility are residential areas, a trash transfer station, woodburning operations, sewage treatment plant, peanut factory, candy factory and various manufacturing facilities.

DER issued notices of violations to Vy–Cal for malodors on May 15, 1989, May 14 and November 16, 1990 in violation of 25 Pa.Code § 123.31(b); and for a June 20, 1990 fugitive emissions violation pursuant to 25 Pa.Code § 123.1(a). In each notice, DER directed Vy–Cal to submit a detailed abatement plan which it failed to do. Thereafter, DER issued an abatement order and an amended complaint against Franklin seeking assessment of civil penalties. DER alleged, in pertinent part, that the Vy–Cal calendar and remilling operation emits malodors which constitute air contaminants and air pollution under the Act, and the malodor and fugitive emission violations amount to unlawful conduct pursuant to Sections 8 and 13 of the Act, 35 P.S. §§ 4008, 4013.[2] DER ordered

1. The term "malodor" is defined at 25 Pa.Code § 121.1 as "[a]n odor which causes annoyance or discomfort to the public and which the Department *determines to be objectionable to the public."* The Department's regulations prohibit the emission of malodorous air contaminants in such a manner that the malodors are detectable outside the property boundaries of the odor's source, 25 Pa.Code § 123.31(b); and the prohibition against emitting fugitive air contaminants is found at 25 Pa.Code 123.1(a).

2. An "air contaminant" is "[s]moke, dust, fume, gas, odor, mist, radioactive substance, vapor, pollen or any combination thereof." Section 3 of the Act, 35 P.S. § 4003. "Air pollution" is defined as follows:

The presence in the outdoor atmosphere of any form of contaminant, including, but not limited to, the discharging from stacks, chimneys, openings, buildings, structures, open fires, vehicles, processes or any other source of any smoke, soot, fly ash, dust cinders, dirt, noxious or obnoxious acids, fumes, oxides, gases, vapors, odors, toxic, hazardous or radioactive substances, waste or any other matter in such place, manner or concentration inimical or which may be inimical to the public health, safety or welfare or which is or may be injurious to human, plant or animal life or to property or which unreasonably interferes with the comfortable enjoyment of life or property.

Franklin to submit an abatement plan and to fully comply with the applicable provisions of the Act. Franklin appealed the abatement order and the Board conducted a de novo hearing.

■ The Board concluded that DER failed to sustain its burden to establish a malodor violation on May 15, 1989 because it failed to confirm, on that day, any complaint from the public to determine if the odor was objectionable. The Board also concluded that Franklin committed the other violations willfully and without justifiable excuse and its emissions "obviously will not improve the quality of the atmosphere." The Board assessed civil penalties of $3,500 for malodor violations on May 14 and November 16, 1990, and $1,250 for a fugitive emissions violation on June 20, 1990.[3]

### II

Initially, Franklin argues that it was precluded from fully and completely defending against the charges that it violated the Act because the Board member who conducted the hearing (hereinafter sitting Board member) admitted objected-to hearsay evidence which pertained to a crucial factor DER was required to establish to meet its burden of proof. The sitting Board member also excluded relevant, probative or exculpatory evidence by limiting the cross-examination testimony of a DER employee to only those issues addressed during direct examination and refusing to admit allegedly exculpatory photographs another DER employee took of the alleged fugitive emissions.

■ Specifically, Franklin challenges the decision to allow DER's witnesses to testify regarding unnamed citizens' complaints since that testimony was hearsay and should have been excluded because it related to a vital, fundamental and crucial factor DER had to prove to establish a malodor violation. Franklin maintains the hearsay evidence was

unduly prejudicial because DER did not call any of the complainants as witnesses and thereby denied Franklin the opportunity to cross-examine those individuals.

This Court has recognized that the hearsay rule is not a mere technical rule of evidence but a fundamental rule of law which ought to be followed by Commonwealth agencies when crucial facts are sought to be placed on the record and an objection is made on the grounds that the evidence constitutes hearsay. *State Board of Medical Education & Licensure v. Contakos,* 21 Pa.Commonwealth Ct. 422, 346 A.2d 850 (1975); *Bleilevens v. Pennsylvania State Civil Service Commission,* 11 Pa.Commonwealth Ct. 1, 312 A.2d 109 (1973). Also well established is that a hearsay objection is appropriate only where a statement is offered to prove the truth of its contents. *Evans v. Unemployment Compensation Board of Review,* 86 Pa.Commonwealth Ct. 297, 484 A.2d 822 (1984); *see also Philadelphia Elec. Co. v. Unemployment Compensation Board of Review,* 129 Pa.Commonwealth Ct. 417, 565 A.2d 1246 (1989) (hearsay is a statement made by an out-of-court declarant offered in evidence to prove the truth of the matter asserted).

Francine Carlini, a DER air quality district supervisor, testified that she has been involved with responding to citizen complaints about the Vy–Cal site since the early 1980's, and Richard Breitenstein, from DER's emergency response team, testified that he talked to complainants regarding odors from Vy–Cal on May 14, 1990. This testimony was not hearsay, however, as counsel for DER assured the sitting Board member that the evidence was not being offered to establish the validity of any specific complaint but was being provided merely as background regarding the Department's enforcement activity in the area. Moreover, it is clear that the Board did not improperly consider the testimony as evidence of actual citizens complaints because it noted that the

*Id.* The Act also makes unlawful the failure to comply with the provisions of the Act or rules and regulations adopted thereunder, 35 P.S. § 4008, and recognizes violations of the Act as comprising public nuisances. 35 P.S. § 4013.

**3.** This Court's scope of review of a Board decision is limited to a determination of whether an error of law has been committed, constitutional rights have been violated, or findings of fact are supported by substantial evidence. *Starr v. Department of Environmental Resources,* 147 Pa.Commonwealth Ct. 196, 607 A.2d 321 (1992).

challenged testimony did not relate to a critical part of DER's case but was only probative of the history of prior complaints.

■ Likewise, the Board did not err in refusing to permit Franklin to introduce pictures taken by Karen Gee, a DER air quality specialist, of alleged visible fugitive emissions on June 20, 1990. Gee testified that she took the pictures with her camera but that they do not accurately depict the emissions she attempted to photograph. She stated that although the buildings, railroad tracks and bushes are clear, one cannot identify the emissions because the sky and clouds are softened by the filter on her camera which filters out haze. As Gee established that the photographs do not fairly and accurately depict the emissions, they do not constitute relevant and reasonably probative evidence.

It is beyond dispute that Commonwealth agencies are not bound by technical rules of evidence at agency hearings and may receive all relevant and reasonably probative evidence. Section 505 of the Administrative Agency Law, 2 Pa.C.S. § 505; *A.Y. v. Department of Public Welfare,* 537 Pa. 116, 641 A.2d 1148 (1994). However, where the record demonstrates that evidence sought to be introduced is not reasonably probative, the evidence may be excluded. *See also Tolbert v. Gillette,* 438 Pa. 63, 260 A.2d 463 (1970), where the Supreme Court held that a trial judge properly excludes photographs when they do not fairly and accurately represent the object or place depicted at the time the photograph was taken.

### III

■ Nevertheless, the proceeding before the sitting Board member did not comport with Section 505 of the Administrative Agency Law. By limiting the scope of Carlini's cross-examination to those issues addressed during direct examination, the Board member precluded Franklin from eliciting alleged exculpatory evidence which restricted and impeded its ability to challenge Carlini's testimony and DER's evidence. Carlini testified that she is familiar with various sources of odor in the borough and can distinguish or characterize the odors from particular sources and stated that sometimes she cannot ascertain who is responsible for acrolein odors because two facilities emit the identical compound.

On cross-examination, Franklin questioned Carlini regarding the relationship between acrolein and propargyl alcohol and she indicated that she is aware that acrolein can break down and form propargyl alcohol and that propargyl alcohol has been detected in parts of the Borough. When Franklin attempted to question Carlini about the activities of a mobile analytical unit, the sitting Board member sustained DER's objection on the grounds that this line of inquiry went beyond the scope of direct examination. He directed Franklin to call the witness in its case in chief.[4] The Board determined that the sitting Board member did not abuse his discretion in limiting Franklin's cross-examination of Carlini as Franklin was seeking to develop its defense by going outside the scope of Carlini's direct.

While this Court has recognized that a factfinder may limit cross-examination at a hearing insofar as reasonable cross-examination is permitted, *Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.),* 98 Pa.Commonwealth Ct. 341, 510 A.2d 1294 (1986), it has remanded cases for further testimony and consideration where administrative bodies have not provided aggrieved parties an opportunity to effectively cross-examine witnesses who testify against them. *Kovalchik v. Pennsylvania State Police, Background Investigation Appeal Board,* 149 Pa.Commonwealth Ct. 402, 613

4. The sitting Board member later indicated that Franklin could not call Carlini as a witness in its case in chief because she was not included as a witness on Franklin's pre-hearing memorandum, and could not call her as on cross-examination because Carlini was not a party with an adverse interest. In its appeal to this Court, Franklin does not challenge the Board member's decision to prohibit it from calling Carlini as a witness in its case in chief or its ruling that Carlini was not an adverse witness under 42 Pa.C.S. § 5935 (a person whose interests are adverse to the party calling him or her may be compelled to testify as if under cross-examination). Franklin merely seeks an opportunity to fully and completely cross-examine Carlini in her capacity as a key witness for DER, unquestionably an adverse party.

A.2d 150, *appeal denied,* 533 Pa. 615, 618 A.2d 404 (1992). Furthermore, the Administrative Agency Law requires that an aggrieved party be permitted reasonable direct and cross-examination. 2 Pa.C.S. § 505; *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981).

In *Conley v. Mervis,* 324 Pa. 577, 188 A. 350 (1936), the Pennsylvania Supreme Court acknowledged the broad principle that cross-examination should be confined to matters testified to in chief, but stated that cross-examination may in some instances reach beyond the facts elicited on direct examination and embrace new matters. The Court concluded that "it may be regarded as definitely settled that cross-examination may embrace any matter germane to the direct examination, qualifying or destroying it, or tending to develop facts which have been improperly suppressed or ignored by the plaintiff." *Id.* at 582, 188 A. at 353.

In the matter sub judice, the record does not demonstrate that the testimony Franklin sought to elicit from Carlini was obviously directed toward developing Franklin's own case; it was clearly directed toward discrediting crucial evidence presented by DER and lawfully challenging the witness' testimony. Carlini investigated complaints about Vy–Cal, held herself out as being capable of detecting and distinguishing between odors regularly emitted in the area, and may be knowledgeable of facts DER did not present in its case in chief. Thus limiting Franklin's cross-examination of this DER witness did not afford Franklin reasonable cross-examination.

This case is distinguishable from *Kearns v. DeHaas,* 377 Pa.Superior Ct. 200, 546 A.2d 1226 (1988), *appeal denied,* 522 Pa. 584, 559 A.2d 527 (1989), which the Board relied on as authority for limiting Carlini's cross-examination. In *Kearns,* the trial court limited the cross-examination of a minor-plaintiff's mother by prohibiting the defendant's use of a medical report to frame questions. The Superior Court determined that the trial court did not abuse its discretion because defendant was not precluded from questioning the mother regarding her son's physical condition, the defendant was not prevented from producing affirmative evidence of the son's condition during its case in chief, and the limitation only prevented the defendant from covertly introducing records into evidence under the guise of cross-examination.

Due to the disposition of Franklin's argument that it was precluded from eliciting crucial exculpatory evidence which restricted its ability to challenge the testimony and evidence DER presented, this Court will not address the remaining arguments presented by Franklin or DER regarding the merits of the Board's decision.[5] Accordingly, the order of the Board is vacated and this matter is remanded for further hearing to permit Franklin an opportunity to fully cross-examine Carlini and to consider Franklin's appeal based upon the supplemented record.

## ORDER

AND NOW, this 30th day of March, 1995, the order of the Environmental Hearing Board is vacated and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

5. Franklin contends that DER failed to meet its burden to prove malodor violations; the topography surrounding its facility which creates an inversion factor which prevented DER from establishing Vy–Cal as the source of the alleged malodors; DER failed to establish a fugitive emissions violation; and any fugitive emissions violation must be considered de minimis given the perfect compliance record of the Vy–Cal facility. Franklin also contends that the Board improperly shifted the burden of proof to Franklin to establish that DER failed to demonstrate the elements of the alleged violations. DER, in turn, contends that the Board erred in sustaining Franklin's appeal as to the May 15, 1989 malodor violation and incorrectly imposed a requirement that DER verify the effect of an alleged malodor with a member of the public on the date of a violation.